Anderson, J.
One of the questions raised by the record in this case, and upon which its decision turns, is does an office judgment in ejectment, become a final judgment of the succeeding term of the court, by mere operation of law, without the intervention of a court, or a jury? The precise question was decided by this court in the case of the James River and Kanawha Co. v. Lee, 16 Gratt. 424. That case was analagous to this, and if it differed at all, it was only in one particular, (which will be hereafter noticed), which did not affect this question.” The statutes bearing on the subject were thoroughly examined and carefully construed, and the cases reviewed, and the court held “that an office judgment in an action of ejectment does not become final, without the intervention of the court, or a jury.” In that ease, as in this, the declaration was filed at rules, and a rule given the defendants to plead at the next rule day; at which day the defendants having failed to appear and plead, though duly served with a copy of said rule, (in which respect alone, is there a question of difference between that case and this), their default was entered, and judgment given against them. After the 15th day of the next term of the court, the defendants appeared and moved the court for leave to plead to issue, and set aside the office judgment. But the court being of opinion that the office judgment became final on the 15th day of the term, not having been previously set aside, overruled the motion.
In like manner, in this case, at a subsequent term of the corporation court, after that at which the clerk entered the judgment, as a judgment by operation of' law, without the intervention of the court or a jury, the defendant petitioned and moved the court to allow him to plead and set aside said judgment as invalid, and erroneous, being without the intervention of the court, or a jury. But the court overruled the motion, *183 and gave judgment for the defendants to the motion for their costs. In that case this court reversed the decision, and remanded the cause to the circuit court
In this case the same ground of error exists for which the judgment in that case was reversed; and an additional ground of error is assigned hy the plaintiff in error, that he was not served with notice of the rule to plead, as the statute requires, which if sustained, would of itself he a fatal error in the proceeding to judgment.
The following is the return of the sheriff, which the-plaintiff in error contends was not a legal service, to-wit: “ Gf. W. Smithson not being found at his usual place of abode a true copy of the within rule was left with his daughter at his residence, who is over the age of sixteen years,' and purport explained to her, this 28th day of August, 1871.” In such case the statute authorizes the service of the rule, hy delivering a copy thereof in writing to the party in person; or if he be not found at his usual place of abode, hy delivering such copy, and giving information' of its purport to his wife, or any white person found there who is a member of his family, and -above the age of sixteen years.”
When the notice has not been served in person, in order to hold the party hound hy a constructive notice, I think the return should show that every - material requirement of the statute has been strictly complied with. It is material if the copy is delivered to his wife, or any white person, that it should he delivered to such person at his usual place of abode. If it is delivered to the party in person, it may he delivered to him at his homé or abroad. But if delivered to his wife or other person, the service will not he good, unless it is delivered at his usual place of abode; and if not delivered to his wife, the person to whom it is delivered must not only be over sixteen years of age, *184 but must be a member of his family. The latter it seems to me, is just as material, and as important as the other. It will not meet the requirement of the gtatute to deliver it to a person who may be casually at his usual place of abode. Though it may be delivered there to a daughter who is over sixteen years of age. She must not only be over that age, but she must be a- member of his family. It does not follow that she is a member of his family, because she is his daughter. She may be a member of another man’s family—her husband’s. To say that it was delivered to a daughter is not equivalent to saying that it was delivered to one who was a member of his family. As the name of the daughter is not given, it was not in the power of the defendant below to prove that she to whom it was delivered was a married daughter, and was not a member of his family. It should appear from the return that she was a member of his family.
And to say in the return that the party not being-found at his usual place of abode, a copy of the rule was delivered to a person at his residence, it seems to me is not tantamount to saying that it was delivered at his usual place of abode. For it is not unusual for a man to have a residence which is not his usual place of abode, at the time of the service of the process. And this is well illustrated by the case of Gadsden v. Johnson, 1 hTott & McCord 89, cited by counsel for plaintiff in error. It seems to me that it would be establishing- an unsafe precedent, to hold a party bound by a constructive notice, when it does not appear from the return of the officer, that all the requirements of the statute have been met with greater certainty than it does by this return. But in this view I am overruled by a majority of the court who think it may be presumed that the word residence was used by the officer as synonymous with “his usual place of abode;” *185 and that it may be presumed that the daughter to whom the copy of the rule was delivered, was a member of the family of the plaintiff in error. But upon the former ground the court is unanimously of opinion, that the judgment of the hustings court must be reversed with costs, and the cause remanded.
The other judges concurred in the opinion of Anderson, J., on the first point, but thought the notice sufficient.
Judgment reversed.