# Staunton.

AYRE'S ADM'R AND ALS. V. BURKE AND ALS.

SEPTEMBER 16th, 1886.

1. JUDGMENTS—*Revival—Collusion—Effect.*—After a judgment is barred, if it be revived by *scire facias* through collusion between creditor and debtor, a court of equity, in a suit to enfore the liens against the debtor's estate, will not give effect to the revival so as to affect the rights of other lien creditors of the said debtor, though it be effectual against himself.

Appeal from decree of circuit court of Fairfax county, rendered at its June term, 1883, in the cause of Thomas Ayre's administrator, plaintiff, against Needman Burke, to have contribution from the latter for his share of a judgment on a bond of one James Thrift, deceased, on which Thomas Ayre and Burke were co-sureties, and which Thomas Ayre had been compelled to pay. This judgment came into conflict in respect to priority with a judgment in favor of H. H. Halley's administrator against said Burke, which had, after it was barred by the statute of limitations, been revived by *scire facias* through Burke's collusion. The decree was adverse to Ayre's administrator, who appealed to this court.

Opinion states the case.

*John M. Johnston,* for the appellants.

*S. F. Beach, H. W. Thomas* and *Moore & Son,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Fairfax county, rendered at the June term, 1883.

The case is briefly as follows: Thomas Ayre, now deceased, and Needman Burke became bound as sureties for William Ayre, as administrator of one James Thrift, deceased, in a bond executed by William Ayre as principal and said Thomas Ayre and Needman Burke as sureties; that after the death of said Thomas Ayre, I. N. Ballard and wife obtained a judgment on said bond against William Ayre and Needman Burke, which was recorded April 17, 1879, in the county court of Fairfax county.

In January, 1879, one Silas Hutchinson filed his bill in the circuit court of Loudoun county against Thomas Ayre's administrator *c. t. a.* and devisees, to subject the real estate of which he died seized to the payment of his debts. In this suit the lands of Thomas Ayre were sold, and the debt due Ballard and wife was paid out of the proceeds of the sale of Thomas Ayre's estate.

This suit was brought by the administrator of said Thomas Ayre to have subrogation against Needman Burke, who was co-surety of Thomas Ayre, and against whom judgment had been recovered and recorded April 17, 1879, as has been stated, after the death of his co-surety, Thomas Ayre, the principal debtor therein being insolvent, claiming contribution from said Needman Burke, who was equally bound for the debt which the said administrator had been obliged to pay, as stated above.

In the proceedings in this suit upon a reference to a commissioner for an account of the judgment liens binding the lands of the said Needman Burke, a controversy has arisen as to the validity of a judgment recovered against said Needman

Burke by William T. Halley, administrator of H. H. Halley, *December* 17, 1868. On this judgment no execution was ever sued out, and at the date of the institution of this suit, March, 1882, no *scire facias* had been sued out to revive the judgment which had expired after ten years, and four years before the institution of this suit.

It is claimed by the appellant that the judgment of Halley's administrator was dead at the institution of this suit, and was not enforceable in equity under the 12th and 13th sections of chapter 182, V. C. But after the institution of this suit in January, 1883, by *scire facias* proceedings, instituted more than fourteen years after the recovery of the judgment on which no execution had ever issued, this judgment was revived against the defendant, Needman Burke, who refused expressly to plead to the action. The circuit court decreed in favor of the validity of this Halley judgment, and gave a priority over the Ballard judgment, rendered April 17, 1879. From this decree of the circuit court the appellant appealed. The appellant did not plead the statute of limitations in the proceedings at law; the defendant, Needman Burke, refused to do so, and the order of revival was entered there.

But what was its effect in a court of equity, where the proceeding was to subject the real estate of the debtor to the lien of this judgment? In this controversy between lienors, what is the effect when the appellant, one of the creditors, excepts to the enforcement of this judgment? Without the proceedings at law, the judgment was dead; as was said by Judge Carr, in *Fleming* v. *Dunlop*, 4 Leigh, 438, it was annihilated.

The right to revive this judgment was lost and gone; it could never be revived except by collusion between the creditor and his debtor. How far shall that confederacy be allowed to affect the rights of others in a court of equity? What was the effect as between the creditor and his debtor, and as to the right to issue execution thereon, is not the question here.

In the case of *Hutcheson* v. *Grubbs*, 80 Va. 251, Lewis, P., said: "It is needless to multiply words and authorities upon a proposition which we deem too plain to admit of doubt. Our conclusion, therefore, is, that the lien of a judgment is a legal lien, conferred by the express terms of the statute, though enforceable in equity, and ceases with the life of the judgment upon which it is founded." See opinion of Burks, Judge, in *Rowe* v. *Bentley*, 29 Gratt. 756, and authorities cited.

Our statute provides that "no execution shall issue, nor any *scire facias* action be brought, on a judgment in this State, other than for the Commonwealth, after the time prescribed by the preceding section," 13th sec. ch. 182, V. C. The words of the statute are plain; they must be made effective by courts of equity, as well as in courts of law, in deciding between conflicting claimants to property in a case made.

In this case, the judgment sought to be enforced, and about which this appeal is brought here, had expired before this suit was brought, and it cannot, under our statute, be lawfully revived either in law or equity, and the collusive act of the defendant in the action at law can affect the rights of none but himself.

The decree complained of is erroneous, and must be reversed and annulled.

DECREE REVERSED.