Statement.

## Staunton.

CROCKETT, SHERIFF, ADMINISTRATOR, ETC., v. ETTER.

105   679
f106   307

September 13, 1906.

1. EQUITY—*Administration of Fund—Commissioner's Report—Who May Except*—In a suit to administer a fund in equity, one who by petition asserts a judgment lien upon that fund has a right to except to the commissioner's report giving priority to another judgment, and to show that such other judgment is void.

2. JUDGMENT BY DEFAULT—*Insufficient Service of Process—Case at Bar.* Where constructive service of process is allowed in lieu of personal service the terms of the statute by which it is authorized and prescribed must be strictly followed, or the service will be invalid, and the judgment rendered thereon by default void. In the present case a judgment by default rendered upon a notice, the return of service upon which recited that it was executed by delivering it to defendant's wife, "not at his usual place of abode," instead of at his usual place of abode, as required by Code, section 3207, is void, such service being invalid.

3. APPEAL AND ERROR—*Inaction of Party in Trial Court—Reversal—Case not Remanded.*—Where a judgment by default was assailed in the trial court as void for want of sufficient service of process, and the creditor had ample opportunity to take whatever steps were necessary or proper to protect his interests, but, with full knowledge of the circumstances, failed to do so, this court, on reversing the decree of the trial court, will not remand the cause to be further inquired into, but will enter a decree in accordance with its own opinion.

Appeal from a decree of the Circuit Court of Wythe county confirming a master's report on the administration of a fund. Appeal by intervening petitioner.

*Reversed.*

The opinion states the case.

*J. J. A. Powell,* for appellant.

*M. M. Caldwell,* for appellees.

KEITH, P., delivered the opinion of the court.

W. R. Crockett, administrator of Ephraim Vaught, deceased, filed a petition in the chancery cause of *Vaught and Honaker* v. *James A. Etter and others,* pending in the Circuit Court of Wythe county, in which the proceeds of certain lands of J. A. Etter were being distributed, asserting a lien by judgment. The commissioner's report, setting forth the liens binding upon the lands, gave priority over the claim asserted in Crockett's petition to a judgment obtained by W. P. Cooper against James A. Etter, which had been assigned to J. C. O. Etter, dated August 25, 1900, with interest from July 26, 1897, amounting at the date of the report to $704.13. Crockett, administrator, excepted to the report allowing this judgment upon several grounds, only one of which need be noticed, and that is that the return upon the summons upon which the judgment was rendered was defective; that under it the court acquired no jurisdiction; and that the judgment was null and void.

This being a suit to administer a fund in equity there is no doubt of the right of Crockett, administrator, who has a lien upon that fund, to except to the report and show, if he can, that a judgment in conflict with that which he represents is for any cause null and void. This has been done in a great number of cases, among others, in *Ayers' Admr.* v. *Burk,* 82 Va. 339, 4 S. E. 618. In that case Ayers, who held the junior lien, was permitted to show that a judgment in favor of Halley's administrator against the same debtor, and which came into conflict with his judgment, was barred by the statute of limitations.

Coming, then, to the particular ground of attack in this case, it seems that there was a notice given by Cooper to James A. Etter that he would on the day named ask the Circuit Court of Wythe county for a judgment upon certain written promises to pay money amounting to $816.13. A summons to answer this notice was placed in the hands of the sheriff, who returned it with this endorsement: "Executed by delivering to Mrs. Jas. A. Etters, wife the said Jas. A. Etter, not at his usual place of abode, and explaining the purport to her, she being a member of the family over the age of 16 years."

Disregarding minor objections made to this return, it does not comply with the statute in a certain material particular.

Section 3207 of the Code provides: "A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person; or, if he be not found at his usual place of abode, by delivering such copy and giving information of its purport to his wife or any person found there, who is a member of his family and above the age of sixteen years; or, if neither he nor his wife, nor any such person be found there, by leaving such copy posted at the front door of said place of abode."

The return does not show that copy was delivered to Mrs. Etter, the wife of James A. Etter, at his usual place of abode. For all that the return shows it might have been executed by delivering it to her at any other place whatsoever.

"Where constructive service of process is allowed in lieu of personal service, the terms of the statute by which it is authorized and prescribed must be strictly followed, or the service will be invalid, and the judgment rendered thereon by default void." See *Staunton Perpetual Building and Loan Company* v. *Haden, Trustee, et als,* 92 Va. 201, 23 S. E. 285, for a full discussion of the law bearing upon the subject.

In this case we have a judgment by default rendered upon a notice, the return of service upon which shows a departure from the statute in a material respect. We are of opinion that the judgment in the name of Cooper against Etter was void, and that the exception to it should have been sustained.

Nor do we see any sufficient grounds for remanding this case to be further inquired into. The whole subject was before the Circuit Court; the precise ground of attack upon the judgment was there presented, and J. C. O. Etter had ample opportunity to introduce any evidence tending to establish the validity of the judgment. He could have called upon the sheriff who served the notice to amend his return in accordance with the facts of the case, if the effect of such amendment would have been to validate the judgment. With ample opportunity to do any or all of these things, and with full knowledge of the objections he was called upon to meet, he saw fit to submit the controversy to the court upon the record as it now stands.

The case of *Staunton Perpetual Building and Loan Co.* v. *Haden, supra,* is disapproved in so far as it is in conflict with the views herein expressed.

The decree of the Circuit Court must be reversed, and this court will enter a decree in accordance with the foregoing opinion.

*Reversed.*