## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John Deere
Industrial Equipment Co.

v.

J. W. Wyne Excavating, Inc.

December 28, 1993

Case No. L92–21

BY JUDGE WILLIAM H. LEDBETTER, JR.

Wyne Excavating, a domestic stock corporation, moves the court to set aside a default judgment rendered against it on February 1, 1993. Wyne Excavating contends that the plaintiff (John Deere) failed to comply with the statutory requirement of due diligence before attempting service of process through the Secretary of the Commonwealth and, further, that it did not receive actual notice of the action against it. The court heard evidence and arguments of counsel with regard to the motion on December 20, 1993. This opinion letter addresses Wyne's motion.

The pertinent facts, gleaned from the court record and the evidence presented at the hearing, are undisputed.

John Deere instituted this contract action by motion for judgment on January 14, 1992. Service of process was directed to James W. Wyne, registered agent, at 10722 Leavells Road, Fredericksburg, Virginia. (The parties agree that the address is actually located in Spotsylvania County.) On January 16, 1992, a deputy of the Spotsylvania County Sheriff's Department made a return indicating that the person to be served could not be found in his bailiwick. He added, in handwriting: "moved, Bonnie Wyne runs the business down here now." The return was made to the clerk's office on January 21, 1992.

Upon learning of this circumstance, John Deere filed an "alias" motion for judgment on August 3, 1992, directing service on the Secretary of the Commonwealth. The alias motion for judgment was identical to the original pleading except for the mode of service upon Wyne Excavating. Counsel for John Deere executed and filed an affidavit that asserts that the defendant's address is 10722 Leavells Road, Fredericksburg, Virginia, and that the defendant "is a person whom the party seeking service, after exercising due diligence, has been unable to locate."

In a certificate of compliance, the Secretary of the Commonwealth reported that process was forwarded by first class mail to Wyne Excavating, at the Leavells Road address, on August 13, 1992.

On February 1, 1993, the court entered a default judgment against Wyne Excavating in favor of John Deere in the amount sued for, including attorney's fees and costs.

Later, John Deere summoned Wyne Excavating for debtor interrogatories. The summons was directed to the Leavells Road address. This time, service was effected on Bonnie Wyne, "secretary-treasurer," on August 17, 1993.

On October 27, 1993, Wyne Excavating filed its motion to set aside the judgment, and, apparently by agreement of counsel, the interrogatories were held in abeyance pending an adjudication of the validity of the judgment.

John Deere concedes that it was obligated to use due diligence in seeking to locate "the person to be served" as a prerequisite to service through the Secretary of the Commonwealth. *See* Virginia Code § 8.01–329(B). John Deere claims that the evidence establishes that it exercised such proper diligence.

At the December 20th hearing, counsel for John Deere testified that upon learning that the return of service was marked "not found . . ." with the aforementioned handwritten notation, she made further inquiry of the State Corporation Commission. She was informed that the registered agent for the corporation was indeed James W. Wyne, appointed in 1978, and that the registered office of the corporation was in fact located at 10722 Leavells Road, Fredericksburg, Virginia. She also determined that officers of the corporation consisted of James W. Wyne, president, whose address was the same as that of the registered office of the corporation, and Bonnie H. Wyne, secretary-treasurer, whose address likewise was the same. Having confirmed that the in-

formation she had obtained prior to instituting the action was correct and that no changes had been made, she prepared her affidavit and filed the appropriate papers to serve Wyne Excavating through the Secretary of the Commonwealth.

Further, John Deere presented evidence that less than two months after the default judgment was entered, Wyne Excavating, filed its annual report for 1993 reflecting that the registered agent of the corporation is James W. Wyne, the president is James W. Wyne, and the secretary-treasurer is Bonnie H. Wyne, all of whose addresses are listed as 10722 Leavells Road, Fredericksburg, Virginia. The report was affirmed and filed with the State Corporation Commission by Bonnie H. Wyne. Finally, John Deere points out that the Leavells Road address appears as the corporation's address on the contract that is the basis of this litigation.

Wyne Excavating presented the following evidence. At the time the suit was filed, and at the time service was attempted, James W. Wyne and Bonnie H. Wyne, husband and wife, had separated. Mr. Wyne no longer lived at the Leavells Road address, although Mrs. Wyne continued to reside there. The business itself was located at 18 Shannon Drive, also in Spotsylvania County. Wyne presented DMV records, a local business directory, and copies of telephone book pages with the Shannon Drive address beside the name of the business. Mrs. Wyne testified that although her husband was still an officer and director of the corporation and maintained an ownership interest in it, he had moved out of the area and was not active in the business anymore. She said that the deputy who had made the return knew the business was located on Shannon Drive and knew who was "running" it because he had served other papers on the corporation at that address. She and Mr. Wyne testified that neither of them had received the suit papers and knew nothing of the action until several months after judgment had been entered when debtor's interrogatories were served on Mrs. Wyne. They testified that John Deere obviously knew that the business was located on Shannon Drive because it was to the Shannon Drive address that John Deere had directed its default letters of March 21, 1991, and July 1, 1991, and that is where agents of John Deere had come to repossess the equipment involved in this litigation.

Wyne Excavating also observes that the 1993 annual report, offered in evidence by John Deere to show that the registered agent is still

James W. Wyne at 10722 Leavells Road, also shows that the corporation's "principal office" is at 18 Shannon Drive.

A non-governmental domestic corporation is served with process by personal service on any officer or director of the corporation. A corporation is a fiction, a creature of the law. Its officers and directors may be numerous, they may be scattered, and they may have little or nothing to do with the day-to-day operations of the business being conducted by the corporation. Therefore, in addition to officers and directors, the law requires that every corporation have a "registered agent," whose sole duty is to accept service of process, notices, and demands, and forward such papers on to the corporation. The registered agent's business office is the "registered office" of the corporation. *See* Virginia Code § 13.1–634 and § 13.1–637. Thus, in addition to officers and directors, service on the corporation may be by personal service on the registered agent. Virginia Code § 8.01–299. These provisions protect the corporation in that only persons in key positions (the officers and directors) and the person specifically designated for such purpose (the registered agent) accept important papers, such as pleadings in a law suit, for the corporation. The provisions also lift a burden from persons attempting to sue a corporation by mandating that someone is always designated and specifically listed in a centrally located directory, as an agent for service of process on the corporation.

Hence, if the person listed with the State Corporation Commission as the registered agent for Wyne Excavating had been personally served by the deputy sheriff with John Deere's motion for judgment, it would not have mattered that such person was not "running the business," that he did not live at the address of the registered office, that he was not involved in the routine affairs of the corporation, or that the corporation's actual business address was at 18 Shannon Drive. Such service would have effectively constituted service on the corporation, giving the court personal jurisdiction to adjudicate the claim.

In this case, however, the registered agent was not served. No one who could accept service for the corporation (§ 8.01–299) was served. The deputy sheriff did not effectuate service; indeed, he marked the return "not found . . ." together with the handwritten notation quoted above.

When a corporation fails to maintain a registered agent, or when the registered agent cannot be found at the registered office with reasonable diligence, then the clerk of the State Corporation Commission

becomes the "statutory agent" of the corporation for service of process. Virginia Code § 13.1–637(B) and § 12.1–19.1. John Deere did not follow that route. Instead, it proceeded under § 8.01–329 to serve the Secretary of the Commonwealth.

As explained above, service upon the Secretary of the Commonwealth is permitted in these circumstances if the party seeking service is unable to locate the person to be served after exercising due diligence. When the person to be served is a resident, "due diligence" includes the requirement that the party seeking service has delivered process to the sheriff, the sheriff has been unable to execute such service, and the party seeking service "had made a bona fide attempt to determine the *actual* place of abode or location of the person to be served." [Emphasis added.] Virginia Code § 8.01–329(B).

It must be noted that although the statute provides that the party seeking service through a statutory agent must file an affidavit stating that due diligence has been exercised, the ground so stated must, in fact, be true. *See, e.g., Dennis v. Jones*, 240 Va. 12 (1990). Hence the inquiry here is whether John Deere did, in fact, exercise due diligence under § 8.01–329. For the following reasons, the court answers the question in the negative.

One treatise writer states the following about service of process on the Secretary of the Commonwealth in this type of case:

> When the defendant is a resident of the Commonwealth, the plaintiff must file an affidavit that he was unable to locate the defendant "after exercising due diligence" to find him. Agents of a plaintiff may make the affidavit and deliver the papers to the Secretary. When the plaintiff files such an affidavit, he is certifying that he has attempted service in the normal manner . . . and also that he "has made a bona fide attempt to determine the actual place of abode or location" of the defendant. It would appear to this writer that the absolute minimum search would include the telephone directory and the city directory. Proof of failure to exercise due diligence to find the defendant will invalidate the service of process and thus defeat the jurisdiction of the court. It is to be remembered that service of process . . . [on the Secretary] is an "extraordinary" procedure to be used only when the normal methods fail . . . .

Bryson, *Handbook on Virginia Civil Procedure*, p. 110 (1989).

Here, John Deere made no attempt to determine the actual location of the corporation or its registered agent after being informed that the deputy sheriff had marked his return "not found . . . ." If it had conducted even the "absolute minimum search" mentioned by Professor Bryson, it easily would have discovered that the corporation's address is listed as 18 Shannon Drive. This same information was readily discoverable at the State Corporation Commission and in John Deere's own records. Finally, the deputy sheriff's return itself alerted John Deere that the registered agent designated at the State Corporation Commission was not found in Spotsylvania County ("my bailiwick"), probably could not be found in Spotsylvania County (especially at 10722 Leavells Road), and was not involved in the business any longer.

The court is concerned that this opinion may be misinterpreted as requiring too much of a plaintiff seeking to serve a domestic corporation that is inattentive to its duty to maintain an accessible registered agent and to correctly list the agent's name and address with the State Corporation Commission. Uncommon efforts, requiring lengthy searches and inordinate expenditures, are not required. But here, the deputy sheriff's notation on his return, and the other circumstances explained above, alerted or should have alerted the plaintiff that something was amiss with respect to the information on file at the State Corporation Commission so that at least a modest further inquiry, even a review of its own files, should have been made to ascertain the actual location of this corporate defendant.

Accordingly, the motion is granted and the judgment rendered herein on February 1, 1993, is set aside under § 8.01–428(A)(ii) as void for lack of proper personal jurisdiction over the defendant.