## CIRCUIT COURT OF FAIRFAX COUNTY

Michael P. Valois

v.

Jessie M. Parrish

February 2, 2005

Case No. (Law) 214323

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on the motion of the defendant, Jessie M. Parrish, to quash service of process of the motion for judgment in this matter filed by the plaintiff, Michael P. Valois.

On May 25, 2001, plaintiff and defendant were involved in an automobile accident in Fairfax County, Virginia. On May 19, 2003, plaintiff filed this law action against defendant, alleging that the accident was the result of defendant's negligence and that plaintiff suffered injuries. Service of process was made on defendant via the Secretary of the Commonwealth in May 2004. On August 27, 2004, upon hearing *ex parte* testimony, this court entered default judgment against the defendant in the amount $50,000. On September 3, 2004, defendant filed a motion to quash service of process and for "suspension of judgment." An order was entered on September 7, 2004, suspending the August 27, 2004, order until further order of the court. At and following the hearing on defendant's motion on September 10, 2004, evidence was submitted by way of affidavit and uncontested proffer. Based on that evidence, I find the following facts.

Between the time of the accident and the filing of this action, May 2001 to May 2003, plaintiff's counsel was in occasional contact with defendant's carrier, State Farm Mutual Automobile Insurance Company. State Farm provided liability insurance for Ms. Parrish's daughter. Ms. Parrish was

driving her daughter's vehicle at the time of the accident. For reasons unknown to the Court, that contact was with a State Farm representative located in Maryland. When the motion for judgment was filed, plaintiff called State Farm's Maryland office to obtain a fax number to fax over a copy of the motion for judgment. Plaintiff's counsel never received a return call or the fax number. Plaintiff's counsel did not mail a copy of the motion for judgment to State Farm.

The address for the defendant, contained on the police report, was 5340 Holmes Run Parkway, # 102, Alexandria, Virginia. Valois asserts that he confirmed that address with the post office. He also attempted to call the defendant at the telephone number last known to him and called and left a message at the last known telephone number of the policy holder, Parrish's daughter. He orally asked Virginia's Department of Motor Vehicles (DMV) for additional or new information on Parrish, but DMV would not provide such information in response to an oral request. He did not at that time make a written request for information to the DMV.

In April 2004, plaintiff requested the sheriff to serve the defendant at 5340 Holmes Run Parkway, # 102. Erroneously, the summons that reached the sheriff sought service at *5490* Holmes Run Parkway, # 102. The sheriff returned that summons on April 27, 2004, as "no such address in Alexandria." On May 14, 2004, plaintiff requested service of process on the defendant through the Secretary of the Commonwealth, on the grounds that the defendant "is a person whom the party seeking service, after exercising due diligence, has been unable to locate." (It is not known who or what caused the error in the address in the summons the sheriff attempted to serve or whether plaintiff was aware of the error before requesting service on the Secretary of the Commonwealth.) Before requesting service on the Secretary of the Commonwealth, plaintiff checked Mapquest to insure that the address of 5340 Holmes Run Parkway, # 102, existed, and drove by the apartment for the same purpose. He also searched local telephone and public internet databases to find or confirm Parrish's address. Finally, he hired an internet search firm to try to verify defendant's address.

In actuality, defendant moved from 5340 Holmes Run Parkway, # 102, in July 2001, to 5380 Holmes Run Parkway, # 706, and then to Lebanon, Tennessee, in November 2001. She contends that she notified both the post office in Virginia and Tennessee DMV of those moves. She provided evidence that on at least some occasions following her moves, mail was forwarded to 5380 Holmes Run Parkway and to Tennessee. She never received a copy of the motion for judgment.

Following the hearing on September 10, both counsel submitted additional information and argument to the court. Plaintiff provided a transcript from the DMV indicating that as of September 29, 2004, defendant's address with the DMV was listed as 5380 Holmes Run Parkway, # 706. Defendant provided an affidavit from Mike Perry, a State Farm claims representative. Mr. Perry advised that he called the Fairfax County Circuit Court on August 13, 2004, and was told that a scheduling conference in the case was set for September 16, 2004. He then sent the case to outside counsel to obtain a copy of the motion for judgment and to represent the defendant at the scheduling conference. Defendant also provided an affidavit from her daughter to the effect that her daughter has lived at the same address since 1996, that that address is also found on the police report, and that the daughter has never received a message on her answering machine from, or on behalf of, plaintiff.

The defendant alleges that plaintiff failed to exercise due diligence as required prior to requesting service through the Secretary of the Commonwealth. I agree.

Diligence is defined as "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990). "The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case." *Dennis* at 393 (*citing Mackie v. Davis*, 2 Va. (2 Wash.) 219, 226, 228 (1796)). In *Dennis*, the Virginia Supreme Court found that a plaintiff had not used due diligence where his attempts to locate the plaintiff were through an unnamed acquaintance employed by the Department of Motion Vehicles and the State Police to obtain an address for the defendant. When the defendant was unable to verify an address, he attempted service at an address by the sheriff. The sheriff was unable to serve process, as it did not appear to him that the defendant lived at the address that he was provided. After the return of service, the plaintiff filed an affidavit of non-residence and had process mailed by the Commissioner of the DMV. The Supreme Court determined that informal contacts with unnamed persons did not demonstrate painstaking devotion to locating the defendant. The plaintiff in *Dennis* could have located the defendant by checking with the post office, querying the DMV, or by checking local phone directories. He did none of these things.

Admittedly, the plaintiff in the instant case did more. He searched local phone directories and the internet, contacted the post office, and hired an internet investigative service. But the plaintiff failed to do other things that would have met the due diligence requirement. The evidence before me was unclear as to whether the plaintiff checked the court's file to examine the

sheriff's return of service before seeking service through the Secretary of the Commonwealth. If he did not do so, he was not being diligent. If he did so, he would have realized that the sheriff had mistakenly attempted to serve the defendant at an address other than the one provided by the plaintiff for service, indeed, at an address that the sheriff said did not exist. Although it was not the fault of the plaintiff, no *bona fide* attempt at service was ever made before service via the Secretary of the Commonwealth was requested. Additionally, the plaintiff never made a proper request to Virginia DMV for the defendant's address before requesting service. An oral request to DMV was insufficient. Had the plaintiff made a written request to DMV, he would have been provided with a different last known address for the defendant than the one he gave to both the Court and the Secretary of the Commonwealth.

I recognize that the requirement of due diligence does not and cannot mean that the plaintiff must expend huge efforts, time, and money exploring every possible means of obtaining a current address. *John Deere Indus. Equip. Co. v. J. W. Wyne Excavating, Inc.*, 32 Va. Cir. 309 (1993). Nonetheless, I find that this plaintiff's efforts were not sufficiently "devoted and painstaking" to constitute the due diligence required for service via the Secretary of the Commonwealth. For those reasons, defendant's motion to quash service of process is granted and the default judgment order is therefore vacated.