## CIRCUIT COURT OF NELSON COUNTY

Samuel I. White, P.C.,
Substitute Trustee, et al.

v.

Bernice G. White et al.

December 20, 2005

Case No. CH04-0118

BY JUDGE J. MICHAEL GAMBLE

The plaintiffs have filed a motion for aid and direction of the court. The plaintiffs seek a default judgment and a declaration that the allegations in the motion are confessed against Shelly J. White and Jeffrey L. White, two of the three defendants in this case. Neither Jeffrey L. White nor Shelly J. White have filed a responsive pleading nor made an appearance in the case. Bernice G. White has timely filed her responsive pleading and cross-claim against the plaintiffs. Bernice G. White, by her counsel, objects to the entry of default judgment on the grounds that legal service of process has not been obtained on Shelly J. White and Jeffrey L. White. After review of the court file and the pertinent statutes and cases, I agree with the objection of Bernice G. White and I deny the motion for a default judgment and confession of the allegations in the motion. My reasons are set forth below.

The plaintiffs have sought service of process on Jeffrey L. White and Shelly J. White by two means. First, they have attempted substituted service of process pursuant to Va. Code § 8.01-296(2)(a). Also, they have sought service

of process by service on the Secretary of the Commonwealth under Va. Code § 8.01-329.

In order for there to be constructive service under Va. Code § 8.01-296(2)(a), a party must not be found "at his usual place of abode" and the process must be given to a person "who is a member of his family other than a temporary sojourner or guest, and who is of the age of sixteen years or older." Where there is such constructive service of process in lieu of personal service, the terms of the statute by which it is authorized must be strictly followed. *Crockett v. Etter*, 105 Va. 679, 681, 54 S.E. 864 (1906). In the instant case, there was constructive service on a person who was the mother-in-law of Shelly J. White, and the mother of Jeffrey L. White, at 43 Farrar Lane, Arrington, Virginia. However, the motion of the plaintiffs also gives an address in Hagerstown, Maryland, for the defendants. Accordingly, on the very face of the pleadings, it is not clear which address is the usual abode of these two defendants.

Further, the person on whom the process was served must be a member of the defendants' family. While the person who received the process was a mother and mother-in-law respectfully, this does not mean that she is a member of the family of either Shelly J. White or Jeffrey L. White. *Smithson v. Briggs*, 74 Va. (33 Gratt.) 180, 184 (1880). For instance, it has been held that a son is not a member of a family. *Finney v. Clark*, 86 Va. 354, 355-56, 10 S.E. 569 (1889). Further, even if the process is delivered to a family member, but it is not delivered to a family member at the usual place of abode, the process is not valid. *Crockett*, 105 Va. at 681.

At this stage, the plaintiffs have not established that they have achieved proper service of process by constructive service pursuant to Va. Code § 8.01-296.

Additionally, there has not been proper service under Va. Code § 8.01-329. Under this code section, service may be made on the Secretary of the Commonwealth if the attorney files an affidavit that the person is a non-resident or after exercising due diligence, the party to be served cannot be located. The affidavit by plaintiffs' attorney does not seek service on the Secretary of the Commonwealth because the defendants are non-residents, but on the grounds that, after exercising due diligence, the defendants cannot be located. Accordingly, even though a Maryland address had been given for Shelly J. White and Jeffrey L. White, there has been no service of process through the Secretary of the Commonwealth on the basis of their being non-residents. Therefore, service cannot be secured on this ground under Va. Code § 8.01-329.

108

Further, the provision for service after using due diligence to locate the person cannot be utilized because the last known address is in Virginia. Under Va. Code § 8.01-329(B), it is required that, for Virginia residents, the process be delivered to the Sheriff or a disinterested person, and that the Sheriff or disinterested person was unable to execute such service. In this case, it was impossible to give process to the Sheriff or another person because the case was filed on December 6, 2004, and the affidavits were executed on December 1, 2004. Process could not have been furnished to the Sheriff or a disinterested person prior to the filing of the suit.

Accordingly, the court cannot grant the motion of the plaintiffs. There must be proper service of process on the defendants prior to the court's granting a default motion.

It should be noted that the plaintiffs have argued that the defendant, Bernice G. White, has no standing to object to the service of process on Sherry J. White and Jeffrey L. White. I do not agree with this analysis. A party has standing if it has an immediate, pecuniary, and substantial interest in the litigation. *Harbor Cruises, Inc. v. State Corp. Comm'n*, 219 Va. 675, 676, 250 S.E.2d 347 (1979). Clearly, any action against Sherry J. White and Jeffrey L. White involving this real estate affects the immediate, pecuniary, and substantial interests of Bernice G. White, a co-owner of the real estate. Further, any action by the court to grant a default judgment against a party who has not received legal service would be a nullity.

Accordingly, the plaintiffs must achieve legal service on Shelly J. White and Jeffrey L. White.