# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Bernetta Shears

v.

Lasonya Slade

October 30, 2006

Case No. (Law) 39587-EHtTF

BY JUDGE TIMOTHY S. FISHER

This matter came on to be heard on October 30, 2006, upon defendant's Motion to Quash Service of Process filed October 19, 2005, and plaintiffs Motion for Entry of Judgment by Default filed April 26, 2006.

The matter originally came on for hearing on August 14, 2006, at which time, the court determined the issue could not be resolved that morning due to other cases' being scheduled and it appeared the issues would be more significant than originally anticipated for a thirty minute hearing. The court advised both sides of the need to reschedule to allow for more time for the hearing on the court's docket and to allow the parties additional preparation time. At that time the defendant's counsel stated he was unaware of a second attempt at service through the Secretary of the Commonwealth in January of 2006 and had been prepared to address the original attempt at service through the Secretary of the Commonwealth in 2005.

At the beginning of the hearing this morning, it was conceded by the plaintiff the service on the Secretary of the Commonwealth as requested August 8, 2005, complied with by Secretary of the Commonwealth effective September 28, 2005, was defective in that such service alleged the defendant was a "nonresident" of the Commonwealth of Virginia while plaintiff now concedes that defendant was at the time of attempted service a resident and, therefore, the service attempted in 2005 was defective.

Accordingly, the defendant's Motion to Quash the Service of Process through the Secretary of the Commonwealth effective September 28, 2005, is granted, and I would ask Mr. Brooks to prepare the appropriate order granting the defendant's Motion to Quash that service.

The plaintiff this morning then made argument for the entry of the default judgment.

The plaintiff's Motion for Default Judgment is based upon the second attempted service of process upon the defendant through the Secretary of the Commonwealth requested January 16, 2006, and completed February 15, 2006, alleging as a basis that the defendant was a resident who the plaintiff, after seeking service, "after exercising due diligence has been unable to locate." The defendant's last known address is stated in the certificate to be: "42 Regency Square, Newport News, Va. 23601."

There are no responsive pleadings filed by the defendant. Plaintiff alleges that, based on the service and the failure of the defendant to file a responsive pleading, default judgment is appropriate.

Rule 3:19 of the Rules of the Supreme Court of Virginia states as follows in subsection (a) in pertinent part: "A defendant who fails timely to file a responsive pleading as prescribed in Rule 3:8 is in default." Rule 3:8 of the Rules of the Supreme Court of Virginia states as follows in subsection (a) "A defendant shall file pleadings in response within 21 days after service of the summons and complaint upon that defendant. . . ." The first step by a court to determine whether an entry of a default judgment is appropriate aside from determining that no responsive pleading has been filed, is to determine whether the defendant has been properly served with process.

In this instance, this suit was filed on November 17, 2004. The Certificate of Compliance from the Secretary of the Commonwealth indicates compliance on February 15, 2006.

Clearly service, if completed on the defendant was more than one year after the filing of the suit.

Virginia Code § 8.01-275.1 states as follows:

Service of Process in an action or suit within 12 months of commencement of the action or suit against a defendant shall be timely as to that defendant. *Service of process on a defendant more than 12 months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.*

22

(Emphasis added.)

Rule 3:5(e) of the Rules of the Supreme Court of Virginia further states, "no order, judgment, or decree shall be entered against the defendant who was served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant." Diligence is defined as "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990), cited in *Valois v. Parish*, 67 Va. Cir. 40 (2005).

This suit was filed on November 17, 2004, listing an address for service of the defendant at 4533 Washington Avenue, Newport News, Virginia.

As the Motion for Judgment recites, the accident occurred on the 26th day of October, 1998, curiosity is quite naturally piqued as to the timeliness of the action in general.

At the prior hearing on August 14, 2006, and at today's hearing on October 30, 2006, it was explained to the court that, not surprisingly, that this matter has been nonsuited previously.

The original suit was filed on October 18, 2000, with service being requested on the defendant at 4533 Washington Avenue in Newport News, Virginia, and the return of service was made on October 20, 2000, indicating the defendant was "not found" as that address was a "vacant bldg."

That matter was represented this morning to have been nonsuited in May 2004 (without objection by the plaintiff) and re-filed November 17, 2004.

The court admitted defendant's exhibits 1 and 2 which were the proof of service from the original suit and the accident report of the underlying cause of action both over the objection of the plaintiff.

It would appear that, on November 17, 2004, the plaintiff used the same address for the defendant which it had been advised by the original return almost four years previously was a "vacant bldg." Additionally, the defendant's address on the accident report as of the date of the accident on October 26, 1998, was identified as 42 Regency Square, Newport News, Virginia 23601. Plaintiff has offered a "Driver's Accident Information Exchange Form" dated October 26, 1998, which contains on the left hand side of that form the address of 4533 Washington Avenue. The defendant's address listed on the form in the blank "address" is 42 Regency Square.

For whatever reason, the plaintiff chose to use 4533 Washington Avenue in its original suit and was advised by the sheriff's return that such was a "vacant bldg."; yet again chose to use the same address when re-filing on November 17, 2004, knowing for four years it had been a vacant building.

The plaintiff then did not request service at 4533 Washington Avenue until June 22, 2005, over seven months after the re-filing, using the address that had been identified as a "vacant bldg." on October 20, 2000, in the original suit.

Not surprisingly, the return for that address on Washington Avenue was returned by their private process server on July 19, 2005, as "Non-Service" as the "address does not exist." That service was attempted on July 1, 2005. Thereafter, the plaintiff attempted to effect service through the Secretary of the Commonwealth beginning August 5, 2005, alleging the defendant was a "non-resident" after utilizing the services of their private process server to attempt to obtain an address on Ms. Slade who provided an address in Maryland.

That service is the one which is now being conceded by the plaintiff to be defective as the defendant was not a resident of Maryland.

Subsequent to attempting to effect service on the defendant, the plaintiff received from defendant's counsel a Motion to Quash Service of Process dated October 19, 2005. Plaintiff's counsel responded to defendant's counsel with a letter dated November 4, 2005, acknowledging receipt of the Motion to Quash and requesting that the defendant accept service or that defendant's counsel provide plaintiff with a correct address. Apparently, not receiving a response from the defendant's counsel in the affirmative to either request, plaintiff then attempted service through the Secretary of the Commonwealth commencing January 16, 2006, alleging that the defendant was a resident; but, that "after exercising due diligence the plaintiff has been unable to locate the defendant," listing as defendant's last known address 42 Regency Square, Newport News, Virginia 23601, which was the original address of the defendant on the accident report dated October 26, 1998, and on the Driver's Accident Information Form dated October 26, 1998. From all evidence, this attempt to serve the defendant through the Secretary of the Commonwealth was the first time that address was used by the plaintiff. Virginia Code § 8.01-329(B) states as follows in its second paragraph:

> When the person to be served is a resident, the signature of an attorney, party, or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the Sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the Sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

The return of service executed by Thomas S. Sochor listing his attempted service on the defendant at the 42 Regency Square address was executed on February 24, 2006, five weeks after the request for service through the Secretary of the Commonwealth at that same address, yet the return indicates that the service was attempted on July 5, 2005.

Although the plaintiff has submitted a "return" of attempted service of process on the defendant at 42 Regency Square, there is no request in the file to the clerk to issue such process.

The plaintiff requested service to be issued by letter dated June 22, 2005, including "one" copy of the Motion for Judgment using the 4533 Washington Avenue address.

The private process server might very well have driven by 42 Regency Square on July 5, 2005, after failing to find the defendant at 4533 Washington Avenue on July 1, 2005; but he did not have any process issued by the clerk to serve the defendant at that address.

On its face that "return" of service does not appear to have been accomplished prior to the request by the plaintiff for service through the Secretary of the Commonwealth as the return was dated February 24, 2006, and the request for service through the Secretary of the Commonwealth was January 16, 2006. Admittedly, Virginia Code § 8.01-329(B) does not necessarily require that the return be dated prior to the certificate; however, it certainly indicates that an attempt has been made prior to the execution of the certificate. It would appear on the face of the return that such attempt was made prior to January 16, 2006, but simply not returned in the time required by Virginia Code § 8.01-325.

The purported "return" dated February 24, 2006, is defective as no process had been issued to serve defendant at 42 Regency Square. (See *Samuel I. White, P.C. v. White*, 70 Va. Cir. 106 (2005)).

It is also clear that the purported service is more than one year after the filing of the suit in this case, and, frankly, the court cannot conclude the plaintiff used due diligence in attempting to serve the defendant to allow the entry of a judgment more than one year after filing the Motion for Judgment.

The second service simply utilizes an address which had been in the possession of the plaintiff since October 26, 1998, and had been plainly listed as the defendant's address on the accident report and the driver's accident information exchange form.

There is no explanation as to why the plaintiff failed to utilize what was the most obvious address for the defendant for over six years and during the pendency of both versions of this suit.

For some completely unexplained reason, the plaintiff chose to use an address written to the side on the Driver's Accident Information Exchange Form and one which does not appear anywhere on the police accident report and was determined within two days of utilizing that address in 2000 the address at 4533 Washington Avenue was a "vacant bldg." The plaintiff then on the re-filing, four years later, utilizes the same address which was known to be a vacant building; yet, also she did not attempt to utilize that address for almost seven months after refiling the suit.

On top of all of this, the defendant's counsel filed a Motion to Quash October 19, 2005, (apparently in an act of magnanimity) because that motion was filed about four weeks before the one year would have been completed and at that time actually still gave the plaintiff time to try to correct its error in service. There would appear to be no reason why the defendant could not have waited another month at which time the one year would have passed.

The attempted service on defendant in 2006 is defective and, regardless, it does not appear the plaintiff has exercised due diligence as required by Virginia Code § 8.01-275.1 and Rules of the Supreme Court of Virginia 3:5(e) which would allow entry of a judgment by default against the defendant and the plaintiff's Motion for Default Judgment is denied. *Dennis v. Jones, supra*, at 20.

As this matter has been pending on the court's docket since November 17, 2004, with no valid service upon the defendant, dismissal is appropriate pursuant to Rule 3:5(e) and it is hereby dismissed.

I would ask that Mr. Brooks draw the appropriate order denying the plaintiff's Motion for Default Judgment along with granting defendant's Motion to Quash Process and reflecting the court's dismissal of the action herein.