## CIRCUIT COURT OF THE CITY OF RICHMOND

Linda Macklin

v.

Nancy Soldal

Case No. LC-2626-4

Ciara Macklin,
a minor, etc.

v.

Nancy Soldal

Case No. LC-2630-1

November 26, 1997

BY JUDGE RANDALL G. JOHNSON

These cases are before the court on defendant's objection to venue. At issue is whether the affidavits submitted with plaintiffs' counsel's request for service of process on defendant through the commissioner of the Department of Motor Vehicles, such service being the basis for venue in Richmond, are sufficient to support that service. The court holds that they are.

The cases arise out of an automobile accident that occurred on August 4, 1996, in Virginia Beach. Suits were filed in the General District Court of the City of Richmond on September 23, 1997. They were removed to this court under Va. Code § 16.1-92 by orders entered October 21, 1997. At the time of removal, defendant reserved her objection to venue, and a hearing on the objection was held on November 20.

No evidence was presented at the venue hearing. Instead, counsel for the parties agreed that the court would accept their representations as evi-

dence. According to plaintiffs' counsel, she originally attempted to file suit in Virginia Beach. Because of a failure to enclose a check for the filing fee with her warrants in debt, however, they were either returned or her office received a telephone call from the clerk's office in Virginia Beach saying that the checks were missing. In the meantime, copies of the warrants, which counsel had mailed to defendant at the Norfolk address provided by defendant at the time of the accident, were returned marked "Moved — Forwarding Order Expired." Counsel then called DMV to obtain a new address but was told that the only address on file was the address counsel already had. Counsel then wrote to the insurance adjuster for defendant's insurer and asked for a current address so that process could be served on her. More than a month passed without a reply. Suits were then filed in Richmond and service of process was made on the commissioner of DMV under Va. Code § 8.01-308. Counsel's affidavit to DMV stated that "I have exercised due diligence to obtain a valid address for the defendant, Nancy Soldal, without effect."

Counsel for defendant, on the other hand, represented to the court that he had no problem obtaining a current address for defendant. He looked in a telephone book for the Tidewater area and found only one listing for "Soldal." He called that number. It was the sister of defendant's former husband, and she gave counsel the former husband's telephone number. Counsel then called the former husband and obtained defendant's telephone number. He called that number and reached defendant. According to him, all of that took less than five minutes. If he could do it, his argument goes, so could counsel for plaintiffs.

In *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990), the Supreme Court made it clear that a statement in an affidavit that due diligence was used to locate a defendant is not conclusive. The court must look to see whether due diligence was in fact used:

> [I]t should be emphasized that, even though § 8.01-316 provides that the party seeking service shall file an affidavit "stating" one or more of the required grounds, the grounds so stated must, in fact, be true, and not merely idle declarations having no factual basis.

240 Va. at 18.

The court finds that the statement made in the affidavits now under consideration does have a factual basis. First, plaintiff's counsel attempted to mail copies of the warrants in debt to defendant. They were returned because defendant had moved. Counsel then tried to obtain defendant's

new address from DMV, since all Virginia drivers are required to keep their current addresses on file with that agency:

> Whenever any person, after applying for or obtaining a driver's license shall move from the address shown in the application or on the license, he shall, within thirty days, notify the Department of his change of address.
>
> There shall be imposed on anyone failing to comply with this section a fee of five dollars, which shall be used to defray the expenses incurred by the Department.

Va. Code § 46.2-324.

Most significantly, plaintiff's counsel wrote to defendant's insurer, which presumably had an interest in preventing "technical" venue in Richmond, requesting defendant's address *for the specific purpose of serving process on her*. Counsel received no response. While Code § 8.01-316 requires due diligence, there is no requirement, statutory of otherwise, that counsel do everything humanly possible to locate a defendant. Having received no response from defendant's insurer, plaintiff's counsel had every right to swear that defendant's whereabouts were unknown. No further diligence was due.

In making this ruling, the court does not ignore defendant's counsel's representation about how easy it was for him to locate defendant. It simply is irrelevant. First, the fact that defendant's lawyer, who is actually employed by defendant's insurer, received the cooperation of defendant's former sister-in-law, defendant's former husband, and defendant herself is no indication that plaintiff's lawyer, who was trying to sue defendant, would have received the same cooperation. Second, and more important, the fact that defendant could have been located by efforts other than those used by plaintiff's counsel does not negate the fact that the efforts plaintiff's counsel did use constituted due diligence. Again, the statute does not require that *everything* be done to locate a defendant, only that due diligence be used. Due diligence was used here.

For the reasons stated above, defendant's objection to venue is overruled.