# CIRCUIT COURT OF THE CITY OF RICHMOND

Sally Cox Lawson

v.

Tuandwa Byrd

May 27, 2004

Case No. LR-582-4

BY JUDGE RANDALL G. JOHNSON

This action is before the court on defendant's motion for an extension of time to file her grounds of defense. The sole basis for the motion is defendant's claim that service is invalid because plaintiff failed to exercise due diligence under Va. Code § 8.01-316 before resorting to substituted service through the Department of Motor Vehicles under Va. Code § 8.01-308. The motion will be denied.

The court has again read *Dennis v. Jones*, 240 Va. 12, 393 S.E. 390 (1990), and other cases dealing with the due diligence requirement of Va. Code § 8.01-316, including this court's decisions in *Macklin v. Soldal*, 44 Va. Cir. 108 (1997), and *Scottsdale Ins. Co. v. Gutcher*, Case No. CM03-77 (April 11, 2003).[1] None of those cases, nor any other case of which the court is aware, discuss whether the plaintiff has the burden of proving that due diligence was used to locate the defendant before resorting to substituted service, or whether the defendant has the burden of proving that due diligence was not used. The court agrees with defendant that, based on the language of the cases, it makes sense that the burden is on the plaintiff to prove that he or she exercised due diligence. As was said in *Dennis*:

> [I]t should be emphasized that, even though § 8.01-316 provides that the party seeking service shall file an affidavit "stating" one or

---

[1] This opinion is printed above at page 1. [Reporter's Note]

more of the required grounds, the grounds so stated must, in fact, be true, and not merely idle declarations having no factual basis.

240 Va. at 18.

Defendant's argument that the burden should be on the plaintiff to prove that statements in an affidavit alleging due diligence are true, and not on the defendant to prove that they are not true, has considerable merit. The court, however, need not reach that question in this case.

In every case on the subject, the question of due diligence was raised by a defendant who was served by substituted service and who claimed that plaintiff had not used due diligence to find him or her before substituted service was used. Further, in every such case, the defendant argued that had due diligence been used, his or her actual whereabouts would have been discovered so that substituted service would not have been needed. Only when a court found that due diligence would have resulted in locating the defendant was the substituted service quashed. In *Dennis v. Jones*, for example, "[p]laintiff could have located defendant either by a simple telephone call, by paying a small fee to the DMV, or by employing a subpoena for records, as he did in seeking his own employment records." 240 Va. at 19. In setting aside the filing of a foreign judgment in *Scottsdale v. Gutcher*, the court noted "Scottsdale's failure to attempt to locate Gutcher through DMV. Had it done so, it would have found her." Slip Op. at 8 (interpreting due diligence under Hawaiian statute). And in *Macklin v. Soldal*, a motion to quash service was denied because there was no proof that further efforts by plaintiff to locate defendant would have been successful. 44 Va. Cir. at 110.

In the case at bar, defendant still has not been found. The grounds of defense and motion for an extension of time to file them, although submitted in defendant's name, were submitted by counsel hired by defendant's insurer. The court holds that in order for a defendant to successfully challenge substituted service on the basis of a lack of due diligence in locating the defendant, the defendant has to show that such due diligence would have resulted in defendant's being found. No such showing has been made here. Defendant's motion for an extension of time to file her grounds of defense will be denied.