## Ellen Dennis

### v.

## Terry Jones

Record No. 890868

June 8, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting and Lacy, JJ., and Harrison, Retired Justice

*Christopher C. Spencer (McGuire, Woods, Battle & Boothe*, on briefs), for appellant.

*Arnold R. Henderson (Wilder, Gregory & Martin*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this personal injury action arising from a motor vehicle collision, we review the trial court's refusal to set aside a default judgment entered in favor of the plaintiff. The judgment was based on service of process upon the defendant as a nonresident through the Commissioner of the Department of Motor Vehicles (DMV). The dispositive question on appeal is whether the judgment was void for failure to obtain personal jurisdiction over defendant, a resident of the Commonwealth.

On January 16, 1986, motor vehicles operated by appellant Ellen Dennis and appellee Terry Jones collided on U.S. Route 1 in Hanover County. In September 1987, Jones filed this damage suit against Dennis seeking judgment in the amount of $50,000 for personal injuries allegedly sustained in the accident. Subsequently, plaintiff's attorney filed an affidavit asserting that defendant was a nonresident, and process was served upon the Commissioner of the DMV as statutory agent for defendant, as provided by applicable statutes.

Later, when no responsive pleading had been filed on behalf of defendant, plaintiff moved for entry of a default judgment. On July 18, 1988, the motion was granted, and the trial court entered judgment against defendant for $50,919.05. The record does not reveal why the amount of the judgment exceeded the sum sued for in the motion for judgment.

In September 1988, defendant filed a motion to set aside the default judgment, and a hearing on the motion was scheduled for February 27, 1989. On that day, counsel for the parties and several witnesses appeared in the trial court. The witnesses were examined and cross-examined out of the presence of the trial judge. The record does not show why this unusual procedure was employed. The transcript of the hearing merely recites the following statement of defendant's attorney: "For the record this is testimony being taken pursuant to the defendant's motion to set aside a default judgment and it is being heard out of the presence of the Court at the Court's request."

In April 1989, counsel appeared for another hearing on defendant's motion. The trial court received certain representations

from plaintiff's attorney regarding his efforts, made prior to attempting service of process through the DMV, to ascertain defendant's address. The court reviewed the transcript of the February testimony and denied defendant's motion by order entered April 25, from which we awarded defendant this appeal.

The facts are undisputed. The sequence of events is important. When the January 1986 accident occurred, police were not called to the scene, and no police report was filed with the DMV. At the time, defendant was a student attending college in Ashland, living in a college dormitory. Her "permanent address" was on Park Avenue in the City of Richmond. In March 1986, defendant moved to 210 North Stafford Avenue, apartment #1, in Richmond.

When the present action was filed in September 1987, plaintiff's attorney advised the clerk of court, "we do not desire to have the Motion for Judgment served at this time." An address for defendant was not furnished to the clerk nor was one included in the suit papers. The clerk was requested, however, to issue a subpoena duces tecum for the plaintiff's employment records.

In November 1987, defendant began moving from the Stafford Avenue apartment to a Deepwood Circle address in suburban Richmond. During that month, Virginia Power Company "cut on" defendant's electric service at the Deepwood Circle address and the local telephone company disconnected service at the Stafford Avenue address, commencing service at the new address with a different, listed telephone number.

In December 1987, defendant notified the Richmond office of the U.S. Postal Service in writing of the change from the Stafford Avenue address to the Deepwood Circle address. The change became "official" with the postal service on December 5.

On February 16, 1988, upon request of plaintiff's attorney, the clerk issued process on the motion for judgment to be served at the Stafford Avenue address. On this day, defendant notified the DMV of her Deepwood Circle address, she completed her move to the new address, and "somebody else moved in" the Stafford Avenue apartment.

In a return dated February 19, 1988, a Richmond deputy sheriff reported his unsuccessful attempt to execute the process at the Stafford Avenue address. The officer wrote: "Front door kept locked - unable to enter for service. Name not listed on outside directory. One source states, the mail box for #1 is completely full of mail, appears no one has picked up same for 10 days plus." The

return was received in the clerk's office of the trial court on February 24.

On April 6, 1988, plaintiff's attorney executed an affidavit and forwarded it to the clerk with a request that service of process be made upon the Commissioner of the DMV. The affidavit stated, as pertinent:

> "(1) that the above named defendant, Ellen Dennis is not a resident of the State of Virginia; (2) that the plaintiff does not know and is unable with due diligence to ascertain any post office address of the nonresident defendant; (3) that the last known address of the defendant was 210 North Stafford Avenue, Apartment #1, Richmond, Virginia 23220; and (4) that a return has been filed by the sheriff that the process has been in his hands for twenty-one (21) days and that he has been unable to make service."

In an Affidavit of Compliance, the DMV reported that process was forwarded on May 2, 1988 by certified mail, as required by statute, to defendant at the Stafford Avenue address.

Defendant testified that she did not receive the DMV mailing and that she failed to receive any other notice of the action against her until after entry of the default judgment. Defendant further testified that she "was never a nonresident [of Virginia] for more than say a week," and said, "as far as I am concerned, I'm a resident" of the Commonwealth.

Plaintiff's attorney, in commenting on the efforts made to locate defendant, represented to the trial court that he made "informal contacts" with certain unnamed acquaintances employed by the DMV and the "state police" to obtain an address for the defendant. These "contacts," according to counsel's representation, were made prior to the time service of process was attempted by the sheriff. No further "contacts" were attempted before the affidavit was executed and service was attempted through the DMV. Although not set forth in any order of the trial court, it appears from the record that the court ruled plaintiff's attorney had used diligence to determine defendant's location before requesting service through the DMV.

Code § 8.01-428(A) provides, as pertinent, that a trial court may set aside a default judgment on the grounds of "fraud on the court" or "a void judgment." On appeal, defendant con-

tends the trial court erred because: (1) a plaintiff may not resort to substituted service of process upon a statutory agent without first attempting all superior means of service; (2) a court cannot acquire jurisdiction over a resident defendant by employing statutes which apply only to nonresidents; (3) the DMV Commissioner failed to mail the process to the correct address rendering the substituted service invalid; and (4) the default judgment was procured on a false affidavit and fraud on the court. As we have indicated, we will address only the question whether personal jurisdiction over defendant was obtained by service of process upon the DMV Commissioner. We answer that query in the negative.

■ According to Code § 8.01-308, the operation of a motor vehicle in the Commonwealth by a "nonresident," including those defined in Code § 8.01-307(2), is deemed equivalent to an appointment by the nonresident of the Commissioner of the DMV to be the statutory agent of such nonresident for the purpose of service of process in any action against the nonresident growing out of any accident involving the operation by the nonresident of a motor vehicle in the Commonwealth. "Service of process on the statutory agent shall have the same legal force and validity as if served within the Commonwealth personally upon the person for whom it is intended." Code § 8.01-312(A).

Under Code § 8.01-307(2), the term "nonresident" includes any person who, though a resident of the Commonwealth when the accident happened, has been continuously outside the state for at least 60 days next preceding the date when the process is left with the DMV commissioner, "and includes any person against whom an order of publication may be issued under the provisions of § 8.01-316."

Code § 8.01-316 provides, as pertinent, that

"an order of publication may be entered against a defendant in the following manner:

1. An affidavit by a party seeking service stating one or more of the following grounds:

a. That the party to be served is . . . (iii) a nonresident individual . . . ; or

b. That diligence has been used without effect to ascertain the location of the party to be served; or

c. That the last known residence of the party to be served was in the county or city in which service is sought and that a return has been filed by the sheriff that the process has been in his hands for twenty-one days and that he has been unable to make service; . . .

. . . .

Every affidavit for an order of publication shall state the last known post-office address of the party against whom publication is asked, or if such address is unknown, the affidavit shall state that fact."

■ The purpose of an order of publication, which is in lieu of process, is to bring the defendant into court, to apprise the defendant of the nature of the proceedings, and to notify the party that his or her rights will be affected by the litigation. "Because the notice is constructive only, the order of publication and the statute authorizing it both must be strictly construed." *Forrer* v. *Brown*, 221 Va. 1098, 1105, 277 S.E.2d 483, 486 (1981). Measured by that standard, the affidavit upon which the process in this case was based fulfilled none of the requirements of (a), (b), or (c) of § 8.01-316(1).

■ At the outset, it should be emphasized that, even though § 8.01-316 provides that the party seeking service shall file an affidavit "stating" one or more of the required grounds, the grounds so stated must, in fact, be true, and not merely idle declarations having no factual basis.

■ First, the affidavit set forth that defendant was "not a resident of the State of Virginia." That representation had no basis in fact. At all pertinent times, according to the uncontradicted evidence, defendant had resided in the Commonwealth, leaving the state for only one week at a time. Thus, she was not "a nonresident individual," within the meaning of subsection (1)(a) of § 8.01-316.

■ Second, the affidavit stated "that the plaintiff does not know and is unable with due diligence to ascertain any post office address of the nonresident defendant." Without question, neither the plaintiff nor his attorney knew defendant's location. But this was

because plaintiff, through his attorney, failed to use the statutorily mandated "diligence" to ascertain defendant's address.

The noun "diligence" means "devoted and painstaking application to accomplish an undertaking." Webster's Third New International Dictionary 633 (1981). *Cf. STB Marketing Corp.* v. *Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990), decided today (defining due diligence to reasonably discover in context of statute of limitations in action for fraud). The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case. *Mackie* v. *Davis*, 2 Va. (2 Wash.) 219, 226, 228 (1796).

■ Mere "informal contacts" with unnamed friends at two governmental agencies, made only prior to the sheriff's effort to serve process, do not demonstrate "devoted and painstaking" efforts to locate defendant, especially where, as here, the evidence establishes without conflict that routine methods were readily available to plaintiff. Prior to the April 1988 execution of the affidavit, defendant had a listed telephone number, her mailing address had been changed officially by the U.S. Postal Service, her new address had been serviced by the local electric utility, and the DMV had recorded her new address. Plaintiff could have located defendant either by a simple telephone call, by paying a small fee to the DMV, or by employing a subpoena for records, as he did in seeking his own employment records. Consequently, the trial court's finding that plaintiff used diligence was contrary to the evidence and erroneous as a matter of law. Hence, the plaintiff has not complied with subsection (1)(b) of § 8.01-316.

■ Third, no return had been filed by the Richmond sheriff that the process had been in his hands for 21 days and that he had been unable to make service. According to the record, only eight days elapsed between the day the clerk issued process, February 16, and the day the return was received by the clerk, February 24, after service had been attempted. Clearly, the process had not been in the sheriff's hands for the time required by subsection (1)(c) of § 8.01-316.

■ Consequently, the attempt to serve defendant through the DMV was ineffective, and personal jurisdiction was not obtained over her. Therefore, the default judgment was void and should have been set aside under the provisions of Code § 8.01-428(A).

■ Defendant argues that if we declare the judgment void, the action must be dismissed according to Rule 3:3. The Rule pro-

vides, as pertinent: "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

In response, plaintiff reasserts that due diligence was used to procure timely service on defendant. We have previously decided this question against plaintiff. Thus, the action must be dismissed under Rule 3:3 because it has been pending since 1987, and defendant has not been served with valid process.

Hence, the trial court's order refusing to set the default judgment aside will be reversed, the default judgment will be reversed and annulled, and the action will be dismissed with prejudice.

*Reversed and dismissed.*