JAMES R. RICHARDSON, ET AL.

v.

GENE A. PARRIS, ET AL.

Record No. 921344

September 17, 1993

Present: All the Justices

*C. Flippo Hicks (J. Flippo Hicks; Hershner, Jacobs, North & Hicks,* on brief), for appellants.
*C. Waverly Parker* for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

According to Code § 8.01-166, a defendant mistakenly holding land and against whom a decree or judgment is rendered regarding the land "may, at any time before the execution of the decree or judgment, present a pleading to the court rendering such decree or judgment, stating that he, or those under whom he claims while holding the premises under a title believed by him or them to have been good, have made permanent improvements thereon," and may move for an allowance for the improvements. The sole issue in this appeal is whether the trial court correctly denied a request for an allowance under the foregoing statute.

There is no dispute about the procedural and factual background of this controversy. Appellees Gene A. Parris and Shirley E. Parris, his wife, owned an unimproved lot in Lake of the Woods subdivision in Orange County. Real estate taxes on the lot became delinquent for the years 1980-1983. In 1984, the County filed suit against the Parrises seeking a judicial sale of the premises to satisfy the tax lien.

The County, represented by attorney Henry Lee Carter, proceeded against the Parrises by order of publication, the order stating that they were not residents of the Commonwealth. In fact, the Parrises

were residents of Springfield, Virginia. They had no notice of the proceeding and did not appear in the suit.

Acting pursuant to a decree of reference, a commissioner in chancery reported, *inter alia*, that the proper parties were before the court. Subsequently, the court confirmed the commissioner's report and ordered sale of the property, appointing Carter special commissioner for the purpose of selling the land.

In March 1985, the property was sold at public auction to appellant James R. Richardson for $2,200. Later, the trial court entered decrees confirming the sale, providing for distribution of the funds, and ordering release of liens. In December 1987, the court entered a final decree approving the actions of the special commissioner and ending the tax suit.

In September 1989, the Parrises moved to reinstate the cause on the court's chancery docket, asked that all previous decrees be set aside, and requested that they be "fully restored to title and possession" of the subject property.

As grounds for their motion, the Parrises asserted that the order of publication was void and that they were never made parties to the tax suit, thereby rendering all decrees in the suit void. Specifically, the Parrises attacked the affidavit for the order of publication. The affidavit, executed by Carter, stated: "That the Respondents, GENE A. PARRIS and SHIRLEY E. PARRIS, may not be residents of the Commonwealth of Virginia, and their last known post office address is unknown." Apparently, because of some confusion about the Parrises' Springfield street address, Carter did not know at the time whether they were residents of the Commonwealth.

In support of their motion, the Parrises correctly pointed out that as a prerequisite to the validity of the order of publication, it was necessary, under the method attempted, for the plaintiff County of Orange, or someone on its behalf, to file an affidavit stating that the party to be served by the order of publication "is" a nonresident individual; a statement that the individual "may not be" a resident of the Commonwealth is insufficient. Code § 8.01-316(1)(a)(iii). *See Dennis* v. *Jones*, 240 Va. 12, 16-19, 393 S.E.2d 390, 392-94 (1990); *Forrer* v. *Brown*, 221 Va. 1098, 1105-06, 277 S.E.2d 483, 486-87 (1981).

Following service of the notice of the motion upon appellant Richardson and appellant Joan C. Richardson, his wife, the trial court reinstated the cause on the docket and held an ore tenus hearing on the motion. After presentation of evidence and argument of

counsel on the motion, the court declared, in an October 1990 decree, the order of publication and the December 1987 final decree void. The court ordered the Richardsons to deliver possession of the subject property to the Parrises.

Execution of the October 1990 decree was suspended and the Richardsons immediately filed an application for an allowance under Code § 8.01-166. They alleged that, after having purchased the land at the auction, they "caused a residential dwelling and other permanent improvements to be affixed upon said property while holding the premises under a title conveyed by . . . deed believed by them to have been good." The Richardsons requested, pursuant to the statute, that a jury be impaneled to measure allowances due them for the permanent improvements they made to the property.

The parties agreed that the court would initially consider whether the Richardsons were entitled to any allowance for improvements; if they were so entitled, a trial would be held to determine the amount of any allowance. Following presentation of additional evidence and argument of counsel, the trial court ruled that the Richardsons were not entitled to an allowance. We awarded the Richardsons this appeal from a May 1992 final decree dismissing the cause.

Construing Code § 8.01-166, which permits a recovery for improvements when the person who made them held the land mistakenly "under a title believed by him . . . to have been good," we have stated that the statute has no application to a party who is not a bona fide purchaser, and that a person with notice, actual or constructive, of infirmity in the title cannot recover for improvements. *White* v. *Pleasants*, 227 Va. 508, 515, 317 S.E.2d 489, 493 (1984). In the present case, the trial court ruled that the Richardsons were not entitled to an allowance because they had both actual and constructive notice of their defective title. We can decide the appeal by addressing only the constructive notice issue.

The record shows that after the March 1985 auction and before entry of the April 1985 decree confirming the sale, the Richardsons engaged attorney Carter, who was acting as special commissioner as well as attorney for the County, to verify the title and to handle the closing of the transaction for them, including obtaining owners' title insurance. The trial court ruled that the Richardsons were charged with constructive notice of what was in the public records, including

the matters contained in the papers initiating the tax suit and especially the contents of the affidavit upon which the order of publication was based. The trial court held that "the Richardsons cannot be held to have believed their title was good" when the legal insufficiency of the affidavit was apparent on the face of the record.

On appeal, the Richardsons assert that the trial court "had jurisdiction over the land which was the subject matter of the suit, but because the Affidavit for the Order of Publication was defective, the Court did not acquire jurisdiction over the defendants Parris, so the Decree of Sale was unquestionably void. The sole issue is, if an innocent party acts in good faith under a void decree, is this constructive notice of the defect in title?" Answering their rhetorical question in the negative, the Richardsons contend "that failure to go behind a Decree of Sale in the event of a judicial sale does not forfeit the purchaser's right to be an innocent purchaser or a *bona fide* purchaser." We disagree with the Richardsons' argument.

Interpreting the predecessor to Code § 8.01-166, this Court has said that in order to be a bona fide purchaser, the belief in the validity of the title must be founded on ignorance of fact, not ignorance of law. *Kian* v. *Kefalogiannis*, 158 Va. 129, 134, 163 S.E. 535, 537 (1932). And, whenever there is a duty to inquire, the party bound to inquire is affected with knowledge of all that would have been discovered had the party performed the duty. *Id.* at 133, 163 S.E. at 537.

Here, the insufficiency of the affidavit was apparent on the face of the record to be discovered by the Richardsons or their agent Carter before entry of the decree confirming the sale. The failure to recognize the facial insufficiency of the affidavit was ignorance of law, not ignorance of fact. Thus, because the Richardsons had constructive notice of the title infirmity, they were not bona fide purchasers and are precluded from recovering for improvements.

Finally, we are not bound by certain statements relied on by the Richardsons in *Effinger* v. *Hall*, 81 Va. 94 (1885), to the effect that, in a proceeding for an allowance for permanent improvements, the bona-fide-purchaser rule may not be used to bar recovery if the purchase was made at a judicial sale "where the title acquired by the purchaser afterwards turns out to be bad by reason of some error or defect in the proceedings." *Id.* at 106. Observations on the judicial-sale issue made in *Effinger* are pure dicta unnecessary to a decision of that appeal, which arose out of a will construction case.

Consequently, we hold that the trial court correctly denied the Richardsons' request for an allowance and the decree appealed from will be

*Affirmed.*