# CIRCUIT COURT OF FAIRFAX COUNTY

Douglas D. Mullins

v.

Emmanuel Assafuah et al.

June 9, 1997

Case No. L101303

BY JUDGE LESLIE M. ALDEN

This matter came before me upon Defendant Emmanuel Assafuah's motion to vacate the January 14, 1994, default order entered against him due to lack of proper notice. As explained below, the Court denies Assafuah's motion to vacate the order.

On September 13, 1989, the Plaintiff Douglas D. Mullins and Assafuah were involved in a car accident. On November 26, 1990, Mullins filed a Motion for Judgment against Assafuah, as well as another defendant who was later nonsuited. Service on Assafuah was effected on December 5, 1990, in accordance with Virginia Code Ann. §§ 8.01-308 and 8.01-310 (service on Commissioner of DMV). Service was effected in this manner because Assafuah was no longer at the address he gave to Mullins, he did not leave a forwarding address, and he did not notify the DMV of the change of address.

Assafuah did not file a grounds of defense or make any appearance; an order of default judgment was thus entered against him on January 14, 1994. On March 26, 1997, Assafuah filed the motion to vacate, and during the April 11 hearing on his motion, Assafuah argued that he did not know previously of the lawsuit against him. He testified that he moved from Woodbridge to Alexandria approximately one month after the November 1989 accident. He stated that he moved back to a different Woodbridge address in 1992. Assafuah conceded that he did not advise Mullins or the DMV of his change

of address when he moved to Alexandria. Mullins argued that service upon Assafuah was proper and that the judgment should stand.

The Court took the motion under advisement and ordered Assafuah to file an answer/grounds of defense by April 21, which he did.

At issue is whether service of the motion for judgment on Assafuah was proper or effective. If service was "ineffective," then the Court did not acquire personal jurisdiction over Assafuah, thereby rendering the judgment void. *Dennis v. Jones*, 240 Va. 12, 19 (1990). If the default judgment is void, it may be set aside. § 8.01-428(A)(ii); 240 Va. at 19.

Mullins argues that service upon the Commissioner was indeed proper under the circumstances. Section 8.01-308 designates the Commissioner of the DMV as an agent of any non-resident motor vehicle operator, including "non-residents" as defined in § 8.01-307(2). According to § 8.01-307(2), a non-resident includes "any person against whom an order of publication may be issued under § 8.01-316." An order of publication is appropriate if the party seeking service files an affidavit that "diligence has been used without effect to ascertain the location of the party to be served ...." § 8.01-316(1)(b). It is thus possible for a Virginia resident to be classified as a non-resident if he or she cannot be found with due diligence.

The Supreme Court of Virginia has ruled in a similar case. In *Dennis v. Jones*, 240 Va. 12 (1990), the defendant claimed that the default judgment rendered against her should be set aside because she was not properly served (and therefore the court lacked personal jurisdiction over her). In that case, the plaintiff executed an affidavit attesting due diligence pursuant to §§ 8.01-307, 8.01-308, and 8.01-316. The defendant had moved from one part of Richmond to another but left a forwarding address with the post office. *Id.* at 15. Additionally, defendant's new phone number was listed with the phone company, and she notified the DMV of her new address within three months of the move. *Id.*

The *Dennis* court found a lack of due diligence in attempting to locate the defendant. As there was no due diligence in attempting to find the defendant, service did not comply with § 8.01-316(1)(b), and service through the DMV pursuant to § 8.01-308 was thus ineffective. *Id.* at 19. As a result, there was no personal jurisdiction over the defendant, and the default judgment was void and was set aside. *Id.*

In this case, however, Mullins' attorney filed an affidavit pursuant to § 8.01-316 stating Assafuah's last known address, Assafuah's last address reported to the DMV (same as last known address), and that due diligence was used to find Assafuah without success. Mullins argues that this affidavit satisfies § 8.01-316 and that all required procedures for service on the

Commissioner of the DMV were followed. In support of his argument that he exercised due diligence, Mullins' April 28, 1997, memorandum states that he "tried in vain to locate the Defendant and used due diligence in the undertaking over a period of months." Memo at 3. Mullins asserts that he checked with the post office and the DMV in search of Assafuah's forwarding address. While it is unclear whether Mullins' search extended beyond those inquiries, the Court finds that Mullins exercised due diligence in light of Assafuah's failure to report his change of address to the DMV as required by law, as well as his failure to notify Mullins. Assafuah's disappearance left Mullins no alternative but to serve Assafuah through the Commissioner of the DMV. No evidence was presented to the contrary. Thus, according to Mullins, the default judgment should stand.

As Mullins exercised due diligence in his unsuccessful attempt to locate Assafuah, service upon Assafuah pursuant to §§ 8.01-307, 8.01-308, and 8.01-316 was proper. The Court thus had jurisdiction to render a default judgment against Assafuah. Assafuah's motion to vacate the default judgment for lack of notice is therefore denied, and the recently filed Answer and Grounds of Defense is stricken.