# CIRCUIT COURT OF THE CITY OF RICHMOND

Paul C. Grizzle, Sr.

v.

Joseph G. Freed, Jr.,
and Celebrity Freight System, Inc.

Case No. LM-22-1

John Grizzle

v.

Joseph G. Freed, Jr.,
and Celebrity Freight System, Inc.

Case No. LM-23-1

Paul C. Grizzle, Jr.

v.

Joseph G. Freed, Jr.,
and Celebrity Freight System, Inc.

Case No. LM-24-1

May 8, 2001

BY JUDGE RANDALL G. JOHNSON

Each of these personal injury actions is before the court on plaintiff's motion for a default judgment, defendants' motion to quash service of process,

and defendants' alternative motion for an extension of time to file a grounds of defense. The cases have not been consolidated for discovery or trial, but will be considered together for purposes of the pending motions since the issues in all of the cases with regard to those motions are the same.

The actions arise out of an automobile accident that occurred in January 1999 in Botetourt County. Each plaintiff claims to have been injured by the negligence of defendant Joseph G. Freed, Jr., who was operating a tractor-trailer as an employee of defendant Celebrity Freight System, Inc. Each suit was filed on January 3, 2001, with service on both defendants being requested through the Department of Motor Vehicles (DMV).[1] None of the plaintiffs or their attorney filed any type of affidavit with the court or with DMV at the time service was requested. A certificate of compliance in each case was filed by DMV on January 19, 2001. On March 15, 2001, more than twenty-one days after filing of the certificates of compliance but before any responsive pleadings were filed, plaintiff in each case filed a motion for a default judgment. Defendants submitted their grounds of defense in each case on April 3, 2001, and on April 26 defendants filed in each case a motion to quash service of process. Also on April 26, defendants filed motions for an extension of time to file grounds of defense.

All of the motions for default judgment and all of the motions to quash involve a single issue: whether plaintiffs were required to file affidavits with the court or with DMV at the time service through DMV was requested. Plaintiffs say no affidavits were required. Defendants say they were. The court agrees with plaintiffs.

Virginia Code § 8.01-308 provides as follows:

> Any operation in the Commonwealth of a motor vehicle by a nonresident, including those nonresidents defined in subdivision 2 of § 8.01-307, either in person or by an agent or employee, shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Department of Motor Vehicles, and his successors in office, to be the attorney or statutory agent of such nonresident for the purpose of service of process in any action against him growing out of any accident or collision in which such nonresident, his agent, or his employee may be involved while operating motor vehicles in this Commonwealth. Acceptance by a nonresident of the rights and privileges conferred by Article 5

---

[1] Actually, the relevant statute prescribes service on the Commissioner of DMV. In this opinion, however, such service will be referred to as through DMV.

(§ 46.2-655 *et seq.*) of Chapter 6 of Title 46.2 shall have the same effect under this section as the operation of such motor vehicle, by such nonresident, his agent, or his employee.

Subdivision 2 of Va. Code § 8.01-307 provides:

The term "nonresident" includes any person who, though a resident of the Commonwealth when the accident or collision specified in § 8.01-308 ... occurred, has been continuously outside the Commonwealth for at least sixty days next preceding the date when process is left with the Commissioner of the Department of Motor Vehicles ... and includes any person against whom an order of publication may be issued under the provisions of § 8.01-316.

Virginia Code § 8.01-310 provides, in pertinent part:

A. Service of process on ... the Commissioner of the Department of Motor Vehicles as authorized under § 8.01-308 ... shall be made by leaving a copy of such process together with the fee for service of process on parties, in the amount prescribed in § 2.1-71.2, for each party to be thus served, in the hands, or in the office, of such Commissioner ... and such service shall be sufficient upon the nonresident.

Virginia Code § 8.01-316 provides, again in pertinent part:

A. Except in condemnation actions, an order of publication may be entered against a defendant in the following manner:
1. An affidavit by a party seeking service stating one or more of the following grounds:
a. That the party to be served is ... (iii) a nonresident individual ... or
b. That diligence has been used without effect to ascertain the location of the party to be served. ...
Every affidavit for an order of publication shall state the last known post office address of the party against whom publication is asked, or if such address is unknown, the affidavit shall state that fact.

There is nothing in any of the above statutes, or elsewhere in the Code, that requires as a prerequisite for service through DMV the filing of an

affidavit against a nonresident driver whose address is known. While § 8.01-307 defines a "nonresident" as any person against whom an order of publication may be issued under the provisions of § 8.01-316, and while § 8.01-316 requires an affidavit for an order of publication in the instances set out above, neither § 8.01-307 nor any other statute incorporates the affidavit requirement of § 8.01-316 into § 8.01-308's provision for service through DMV. In fact, the only time an affidavit is required when service is requested through DMV is when the nonresident's address is not known. Specifically, Va. Code § 8.01-313 provides, in part:

> A. For the statutory agent appointed pursuant to [§] 8.01-308 . . . the address for the mailing of the process as required by § 8.01-312 shall be the last known address of the nonresident. . . . However, upon the filing of an affidavit by the plaintiff that he does not know and is unable with due diligence to ascertain any post-office address of such nonresident, service of process on the statutory agent shall be sufficient without the mailing otherwise required by this section.

There is no other statutory requirement for the filing of an affidavit by a party seeking service through DMV. This court cannot create one.

In making this ruling, the court recognizes, as defendants point out, that there is language in *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990), to suggest that the affidavit requirement for orders of publication under § 8.01-316 is somehow applicable to the procedure for service through DMV under § 8.01-308. In *Dennis*, plaintiff's attorney filed an affidavit with DMV asserting, among other things, that the defendant was a nonresident whose post office address was unknown. Based on that affidavit, service was made through DMV and plaintiff obtained a default judgment. After reviewing the record, the Supreme Court found that the factual assertions contained in the affidavit were inaccurate. Specifically, the Court found that the defendant was, at all relevant times, a resident of Virginia and that while "[w]ithout question, neither the plaintiff nor his attorney knew defendant's location . . . this was because plaintiff, through his attorney, failed to use the statutorily mandated 'diligence' to ascertain defendant's address." 240 Va. at 18-19. The default judgment was reversed.

In reaching its decision in *Dennis*, the Court quoted and discussed at length the affidavit requirement for orders of publication under § 8.01-316. In fact, the only affidavit requirement mentioned by the Court at all is the one contained in the order of publication section. No mention is made of the affidavit requirement contained in § 8.01-313. Still, after carefully reading

§§ 8.01-307 through 8.01-316, and in spite of the references to § 8.01-316 in *Dennis*, this court is convinced that the only affidavit required when service is requested through DMV is the affidavit required by § 8.01-313 when the address of the nonresident defendant is unknown and that the only relevance § 8.01-316 has to service through DMV is to help define "nonresident" under § 8.01-307; that is, a "nonresident" includes "any person against whom an order of publication may be issued under the provisions of § 8.01-316." The affidavit requirement of § 8.01-316 applies only to actual orders of publication under that section.

Having determined that plaintiffs were not required to file affidavits when they requested service of process through DMV and that, as a result, defendants are not entitled to have service quashed, the court must now decide whether to grant defendants extensions of time to file grounds of defense. As stated in their written motions and at oral argument, it is defendants' contention that the reason for their tardiness in filing their grounds of defense was the purchase of defendant's insurance carrier, Reliance Insurance Holdings Group, by Cambridge Integrated Services Group, a third-party claims administrator. The purchase occurred on January 22, 2001. According to defendants, Reliance's insureds were instructed to submit all future inquiries and suit papers directly to AON Corporation, an insurance services provider and the parent company of Cambridge. AON received the motions for judgment in these actions on January 23, 2001, just four days after the certificates of compliance were filed. AON did not forward the papers to Cambridge until March 28, 2001. Cambridge immediately forwarded the papers to defendants' present counsel and grounds of defense were tendered on April 3. Defendants offered no evidence to show why AON took more than two months to forward the papers to Cambridge. Under these circumstances, defendants' request for extensions of time to file their grounds of defense will be denied.

The court recognizes that mistakes happen. Even under the best of circumstances, papers are lost, destroyed, forgotten, or misdirected. When that happens, especially when there has been no prejudice to the other side, Supreme Court Rule 1:9 gives the court some discretion to allow a party who has not filed pleadings on time a chance to do so. In order to exercise that discretion, however, a court must know more than this court knows here. All defendants say is that the delay in filing their grounds of defense was a "direct result of Cambridge's purchase of Reliance and the resulting confusion in claims handling and reporting that occurred during a period of transition." Motions for Extension, paragraph 8. That is not enough.

If this were a case in which a defendant company was purchased by another and there was evidence that changes in personnel had somehow interfered with the normal flow of mail and other correspondence, the court might be a little more sympathetic. Here, however, one insurance company was purchased by another. Insurance companies are in the very business of handling and responding to claims and lawsuits. Cambridge knew when it purchased Reliance that there would be liability claims in all stages of processing: from initial claims to court filings to appeals. For Cambridge to now claim that it was somehow confused about these particular lawsuits does not make sense. If there was something peculiar about these particular lawsuits or these particular papers, some evidence of that fact should have been presented. Otherwise, Cambridge should have been better prepared to take over an ongoing insurance business that it knew, or certainly should have known, would have matters that needed immediate attention.

The court also rejects defendants' argument that denying extensions of time in these cases improperly punishes defendants for the negligence of their insurer. While the court's ruling may appear to have that effect, in today's world the overwhelming majority of personal injury lawsuits involve insurance companies. Defendants are sued, forward the papers to their insurers, the insurers forward the papers to designated attorneys, and the designated attorneys file responsive pleadings. If defendants' argument were accepted in these cases, default judgment could never be entered in any case in which a late filing of responsive pleadings, or no filing of responsive pleadings, is the fault of the insurer. This court refuses to adopt such a position. Defendants' motions for extensions of time will be denied.