# CIRCUIT COURT OF THE CITY OF RICHMOND

Scottsdale
Insurance Co.

v.

Megan K. Gutcher

April 11, 2003

Case No. CM03-77

BY JUDGE RANDALL G. JOHNSON

In this action, a judgment debtor asks the court to set aside the Virginia filing of a foreign default judgment.[1] At issue is whether the judgment creditor exercised due diligence in obtaining service of process in the underlying lawsuit.

On September 27, 2001, Scottsdale Insurance Company filed suit in the Circuit Court of the Third Circuit, State of Hawaii, against "Megan K. Gutcher; John Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; Doe Non-profit Corporations 1-20; Doe Governmental Entities 1-20; and Doe Entities 1-20." The complaint alleged that, as a result of intentional and negligent acts and/or omissions of Gutcher and other defendants whose identities were unknown to Scottsdale at the time suit was filed, a fire occurred on January 17, 2001, in the premises Gutcher was renting while attending the University of Hawaii. Prior to filing suit, Scottsdale's Hawaii counsel ordered a "Locate Report Investigation" in an attempt to find Gutcher. According to the report, which was completed on September 19, 2001, and which does not indicate by whom it was prepared, Gutcher had moved to another location in Hawaii after the fire. She stayed at the new

---

[1] In their pleadings and arguments, the parties refer to the "docketing" of the foreign judgment. The relevant statutes, however, which are Va. Code § 8.01-465.1 et seq., provide for the "filing" of foreign judgments. The court will use the term "filing" in this opinion and accompanying order.

location until May or June 2001. When she left, she did not leave a forwarding address. After checking the telephone book(s) for listings for "Gutcher," the investigator contacted the only Gutcher listed in all of Hawaii, Robert H. Gutcher, who turned out to be a relative of Megan Gutcher. Interviewed under what the investigator called a "pretext," Robert Gutcher said that Megan Gutcher had graduated from the University of Hawaii and had "moved back with her folks on the East Coast." The investigator concluded:

> We confirmed that Gary R. Gutcher, M.D.[2] currently resides at: 9606 Carterwood Road, Richmond, Va. 28229.
>
> The telephone number installed at this location is [telephone number listed]. Your subject answered the telephone.
>
> *Conclusion*: It would appear that, after the date of the loss, your subject moved into yet another apartment in or around Hilo, Hawaii, finished her studies, graduated, and moved back home with her parents in Richmond, Virginia.

Exhibit 2 to Affidavit of Counsel and Exhibits in Opposition to Defendant Gutcher's Motion to Set Aside Docketing of Default Judgment.[3]

On October 15, 2001, Benjamin G. Hanson, Jr., of APS International, Ltd., attempted to serve Gutcher at 9606 Carterwood Road in Henrico County. According to his "Affidavit of Due Diligence Attempt," "Mrs. Gary R. Gutcher[4] told me Megan Gutcher does not reside at this address." On December 12, 2001, Scottsdale's Hawaii counsel submitted to the U.S. Postal Service a "Request for Change of Address of Boxholder – Information Needed for Service of Legal Process" for Gutcher. No change of address had been filed. On January 9, 2002, Scottsdale's Hawaii counsel filed in the Hawaii court "Plaintiff's Ex-Parte Motion for Leave for Service of Complaint by Certified Mail," and supporting affidavit. In this regard, Hawaii Revised Statutes ("HRS") § 634-23 provides:

> If a defendant is unknown or does not reside within the State or if, after due diligence, the defendant cannot be served with process within the State, and the facts shall appear by affidavit to the

---

[2] Gary R. Gutcher is Megan Gutcher's father

[3] At the evidentiary hearing in this court, counsel for the parties agreed that the court could consider all of the documents submitted by them, including the above-referenced affidavit and exhibits.

[4] Mary R. Gutcher is Megan Gutcher's mother.

satisfaction of the court, it may order that service be made as provided by section 634-24 or by publication, as may be appropriate; provided that service by publication shall not be valid unless it is shown to the satisfaction of the court that service cannot be made as provided by section 634-24. The affidavit required by this paragraph shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to locate and effect personal service on the defendant and any other pertinent facts.[5]

Hawaii Revised Statutes § 634-24 provides, in part:

In any case in which, under section 634-23, provision is made for service of summons as provided by this section, personal service shall be made upon the defendant wherever found or the defendant shall be served by registered or certified mail with request for a return receipt and marked deliver to addressee only, as ordered by the court. ... [S]ervice shall be evidenced by an affidavit showing that the required papers were sent by registered or certified mail as aforesaid, and by the receipt signed by the defendant and filed with the affidavit, or in the case of personal service by the return of the serving officer or the affidavit of any other person authorized to serve process in the place where the defendant is found or appointed by the court to make the service.

On January 16, 2002, after Scottsdale's motion for leave for service by certified mail was granted, process was mailed to Gutcher at the Carterwood Street address in Henrico County. It was returned "Unclaimed." On April 16, 2002, Scottsdale filed in the Hawaii court an "Ex-Parte Motion [for] Service by Publication" and a supporting affidavit. The motion was granted the same day and notice of the lawsuit was published in *The Honolulu Advertiser* on April 30, May 7, May 14, and May 21, 2002. On September 17, 2002, the Hawaii court entered a default judgment against Gutcher in the amount of $135,521.78. On December 27, 2002, the judgment was filed in this court pursuant to Virginia's Uniform Enforcement of Foreign Judgments Act, Va. Code § 8.01-465.1 *et seq.* Notice of filing was mailed to

---

[5] Counsel agreed at the hearing that the court may take judicial notice of the Hawaii statutes, copies of which were attached to their written submissions.

Gutcher at the Carterwood address on the same day. Later, Scottsdale obtained the address 601 Henri Road, Richmond, Va. 23226, as a possible address for Gutcher. It re-filed the judgment and mailed notice of the filing to the Henri Road address. On January 17, 2003, Gutcher accepted delivery of the Henri Road mailing and signed the return receipt. Her motion to set aside the filing was filed on February 4.

Virginia Code § 8.01-465.2 provides:

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this Commonwealth may be filed in the office of the clerk of any circuit court of any city or county of this Commonwealth upon payment of the fee prescribed in subdivision A 17 of § 17.1-275. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any city or county of this Commonwealth. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner.

At the evidentiary hearing on Gutcher's motion, counsel for the parties agreed that the only issue in this case is whether Scottsdale exercised due diligence in trying to locate Gutcher prior to having service made by publication. If it did, the Virginia filing will stand. If it did not, the Virginia filing will be set aside. The court finds that Scottsdale did not exercise due diligence.

In *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990), the Supreme Court discussed the due diligence requirement as it applies to substituted service in Virginia. In that case, the plaintiff's attorney submitted an affidavit in which he alleged that "the plaintiff does not know and is unable with due diligence to ascertain any post office address of the nonresident defendant." 240 Va. at 16. In reality, the only efforts made to locate the defendant were " 'informal contacts' by plaintiff's counsel with certain unnamed acquaintances employed by the [Department of Motor Vehicles] and the 'state police' to obtain an address for the defendant." *Id*. The Court held that such efforts did not constitute due diligence.

First, the Court noted that "[t]he noun 'diligence' means 'devoted and painstaking application to accomplish an undertaking'." 240 Va. at 19 (*quoting Webster's Third New International Dictionary* 633 (1981)). The Court then said:

> Mere "informal contacts" with unnamed friends at two governmental agencies, made only prior to the sheriff's effort to serve process, do not demonstrate "devoted and painstaking" efforts to locate defendant, especially where, as here, the evidence establishes without conflict that routine methods were readily available to plaintiff. Prior to the April 1988 execution of the affidavit, defendant had a listed telephone number, her mailing address had been changed officially by the U.S. Postal Service, her new address had been serviced by the local electric utility, and the [Department of Motor Vehicles] had recorded her new address. Plaintiff could have located defendant either by a simple telephone call, by paying a small fee to the DMV, or by employing a subpoena for records, as he did in seeking his own employment records.[6]

240 Va. at 19.

The Court ordered that the default judgment entered against the defendant be "reversed and annulled." *Id.* at 20. While Scottsdale did more in its attempt to locate Gutcher than the plaintiff did to locate the defendant in *Dennis*, it still did not do enough.

At the hearing on her motion, Gutcher testified that she lived with her parents for a while after leaving Hawaii in May 2001, but that she left her parents home in August 2001 and has not lived there since. She first moved to Foushee Street where she stayed almost a year. In July 2002, she moved to Park Avenue. That is where she now lives. While on Foushee, she was listed in the Richmond telephone directory under the name "Keolai Gutcher." Keolai is her middle name. The listing contained her address and telephone number. She is currently listed under the same name at her Park Avenue address. In addition, DMV's records, which were introduced at the hearing, show that the Foushee Street address was listed with DMV beginning on January 16, 2002, three months before Scottsdale's Hawaii counsel submitted his affidavit in support of an order of publication. Since July 30, 2002, her Park Avenue address has been listed. While checking telephone listings and DMV records are just two of the methods mentioned by the Supreme Court in *Dennis* as being some indication of due diligence, this court feels that they are important methods. Particularly here, where Scottsdale cites as an example of its due diligence the placing of a telephone call to Robert H. Gutcher, the only Gutcher listed in the Hawaii telephone directory, it is significant that no attempt was made to call any of the six

---

[6] When he filed his motion for judgment, the plaintiff in Dennis had requested that the clerk issue a subpoena duces tecum for his employment records.

numbers listed for people with the last name "Gutcher" in the Richmond directory other than Gary Gutcher, Megan Gutcher's father. In fact, three of those names are "Gary Gutcher" and two are "M. Gutcher."[7] The only one left is "Keolai Gutcher," who is the defendant. Scottsdale offered no reason for not calling those numbers.

Equally significant is Scottsdale's failure to attempt to locate Gutcher through DMV. Had it done so, it would have found her. In this day and age where the vast majority of adults have driver's licenses, it is difficult to understand why such an attempt was not made. Instead, Scottsdale continued to send mailings to, and list Gutcher's last-known address as, Carterwood Road, even though it had been told by Gutcher's mother that Gutcher no longer lived there. As was true with Gutcher's directory listing, Scottsdale offered no explanation for its failure to check with DMV.

The court recognizes that telephone listings, DMV records, and the other things set out in *Dennis* are illustrative only, and that neither that case nor any other case states what specific actions *must* be taken to constitute due diligence for substituted service of process. The court also recognizes that Scottsdale did more than the plaintiff did in *Dennis*, although what Scottsdale really did was to repeatedly confirm where Gutcher did *not* live instead of determining where she *did* live. In any event, the court holds that in light of the means available to Scottsdale for ascertaining Gutcher's address prior to seeking substituted service, Scottsdale did not exercise the level of diligence required. The filing of the Hawaii judgment in this court will be set aside.

---

[7] No evidence was presented as to whether "M. Gutcher" is Megan Gutcher, the defendant, Mary Gutcher, her mother, or someone else.