COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


WINDY T. CHAMBLISS
                                                    MEMORANDUM OPINION*
v.        Record No. 2171-02-2                          PER CURIAM
                                                    DECEMBER 23, 2003
VIRGINIA RETIREMENT SYSTEM


           FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                      Pamela S. Baskervill, Judge

           (Barbara Evans-Yosief; Law Offices of Gerald G. Poindexter, on
           brief), for appellant.

           (Jerry W. Kilgore, Attorney General; Brian J. Goodman, Assistant
           Attorney General, on brief), for appellee.


       Windy T. Chambliss appeals the June 19, 2002 order of the circuit court dismissing her

appeal from a final case decision of the Virginia Retirement System (VRS).  On appeal, she

contends the trial court erred by finding she "did not exercise due diligence in the service of process

on the defendant under Virginia Supreme Court Rule 2:4."  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

       On March 12, 2001, VRS issued its final decision denying Chambliss disability retirement

benefits.  On April 16, 2001, Chambliss' counsel filed a notice of appeal in the circuit court and

mailed copies to VRS and to counsel for the Hiram W. Davis Medical Center, Chambliss' former

employer and a defendant in the suit.  On May 9, 2001, Chambliss' counsel filed a petition for

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal and mailed copies to VRS and the Medical Center. On March 21, 2002, Chambliss' counsel mailed to the circuit court service of process fees and two copies of the notice of appeal, but not the petition for appeal, and specifically requested that service of the of appeal be made to VRS and the Medical Center. On May 7, 2002, Chambliss' counsel called the circuit court clerk's office and inquired whether the defendants had been served. A deputy clerk informed counsel that effective service of process had been made on March 25, 2002 to VRS and on March 26, 2002 to the Medical Center. On May 16, 2002, VRS filed a Special Plea in Bar seeking to dismiss the case and alleging the petition had not been timely served as required by Rule 2:4.

ANALYSIS

In pertinent part, Rule 2:4 provides

> No decree shall be entered against a defendant who was served
> with process more than one year after the institution of the suit
> against him unless the court finds as a fact that the plaintiff
> exercised due diligence to have timely service on him.

Chambliss concedes the VRS "was not served with the Petition for Appeal within the one year from the institution of the suit." She argues, though, that she exercised due diligence to have timely service.

"The noun 'diligence' means 'devoted and painstaking application to accomplish an undertaking.' . . . The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case." Dennis v. Jones, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990) (interpreting "due diligence" as that term is used in Rule 3:3, which establishes a twelve-month service deadline in actions at law) (citations omitted).

Chambliss waited eleven months after filing her petition for appeal before she attempted service of process on VRS. She did not provide a service copy of her petition for appeal to the clerk's office but only provided copies of her notice of appeal, and specifically instructed the clerk's office "to have the Notices served on the" parties. (Emphasis added.) The fact that

Chambliss contacted the clerk's office to ascertain whether service had been performed does not demonstrate due diligence. "[O]ne who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril." School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 322 (1989).

The circuit court did not err in determining Chambliss failed to perfect service and failed to exercise due diligence to have timely service on the parties. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.