# CIRCUIT COURT OF THE CITY OF NORFOLK

Virginia Nichols

v.

Elizabeth Moss
and Darrelle R. Holley

April 11, 2007

Case No. (Law) L05-2115

BY JUDGE EVERETT A. MARTIN, JR.

This personal injury arises out of an automobile accident that occurred on or about October 3, 2001. The plaintiff first filed suit (At Law No. L03-2216) on October 3, 2003. It does not appear that service of process was ever effected, and the plaintiff suffered a nonsuit on March 16, 2005.

On September 16, 2005, the plaintiff filed the current action and requested the preparation of process on September 11, 2006. Service was effected on Elizabeth Moss on September 15, and on Darrelle R. Holley on September 16. Mr. Holley was served by posting at 1895 Greenleaf Drive in Norfolk.

The case against Ms. Moss was resolved, and she was dismissed from the action by order entered January 16, 2007. Mr. Holley has appeared pursuant to Code of Virginia § 8.01-277(B) and moved to dismiss the action for failure to serve process within one year of its commencement.

The evidence at the hearing on April 6 showed that Mr. Holley lived at 1895 Greenleaf Drive from the time of the accident at issue until August 3, 2006. On that date, he moved to 555 East Liberty Street in Norfolk. He testified he never received the process that was posted at 1895 Greenleaf Drive but became aware of the present action when the Postal Service

forwarded to him a default judgment notice the Clerk's Office had mailed to him on December 19, 2006, at 1895 Greenleaf Drive. He further testified that he filed a notice of change of address with the Department of Motor Vehicles pursuant to Code of Virginia § 46.2-324 on September 6, 2006. Mr. Pennington conceded he had made no effort to determine if Mr. Holley had moved since September 16, 2005, and he asked to be allowed to suffer a second nonsuit.

The service posted at 1895 Greenleaf Drive was not at Mr. Holley's "usual place of abode," Code of Virginia § 8.01-296(2), and was thus ineffective.

"Diligence" has been defined as "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990). The plaintiff has not used due diligence to effect timely service on Mr. Holley.

I grant the motion to dismiss, and I deny the plaintiff's motion for a second nonsuit. The plaintiff has had more than five years to bring her claim before the court, yet, at every stage, she has waited until the last day or nearly the last day to act. She has had adequate opportunity to have her day in court. Mr. Holley is entitled to have the threat of litigation, with its attendant inconveniences and annoyances, concluded.