# CIRCUIT COURT OF ROCKBRIDGE COUNTY

Delilah A. Jamerson

v.

Ronald D. Laub

November 8, 2007

Case No. CL06000186-00

BY JUDGE MICHAEL S. IRVINE

This matter is before the Court on the Defendant's special appearance by counsel and his Motion to Quash Service of Process and Dismiss the Motion for Judgment. Both sides have presented memoranda, which the Court has considered.

The facts are not in dispute. The plaintiff initially filed her Motion for Judgment in November 16, 2004, and took a voluntary nonsuit in January of 2006. She re-filed the Motion for Judgment on June 30, 2006. A private process server attempted to serve the Defendant, Dr. Laub, at his home on June 29, 2007, 364 days into the one-year statutory period allowed under Virginia Code § 8.01-275.1. Upon arriving at the Defendant's home, the process server was met by a house-sitter, who was not related to the Defendant. Rather than obtain service by posting on the Defendant's door, the process server left the papers with the house-sitter and noted this act as the method of service on his return of service. The Plaintiff's evidence proffer was that the process server left the papers with the house-sitter because he believed that the house-sitter would only remove the papers from the door and bring them inside if he were to post them on the door. The Defendant was handed the papers by the house-sitter upon his return from vacation on July 5, 2007, three days after the one-year statutory period had elapsed on July 2, 2007. June 30, 2007, fell on a Saturday. Therefore, the plaintiff had until Monday, July 2, 2007, to obtain service.

The Defendant alleges that the method of service, leaving the documents with the house-sitter, was not a permitted method under § 8.01-296 of the Code of Virginia and was, therefore, ineffectual and should be quashed. The Defendant also moves that the case be dismissed for failure to accomplish proper service within one year as required by § 8.01-275.1 of the Code of Virginia. The Plaintiff counters that, even if the service was not effectual, the Plaintiff exercised due diligence to obtain service and is therefore entitled to the benefit of the savings provision under Va. Code § 8.01-275.1.

Clearly the attempted service in this case was ineffectual because it was not in accord with any of the methods provided for in Va. Code § 8.01-296. It is undisputed that the process server gave the documents to the house-sitter who was unrelated to the defendant. This action was neither service on a "member of his [the defendant's] family" nor "posting a copy of such process at the front door. . . ." as provided for in the statute. Accordingly, Defendant was not legally served with process as a result of the attempt on June 29, 2007. Moreover, there is no indication in the file or by proffer that the Defendant has since been served with process.

It has been conceded that the Defendant received the documents from the house-sitter on July 5, 2007. Under Va. Code § 8.01-288 this would have cured the otherwise defective service if it had been "received within the time prescribed by law." However, since it was not received within such time, § 8.01-288 is of no benefit to the Plaintiff and the Defendant still has not been served. Accordingly, even if there were a finding of due diligence on the part of the Plaintiff, there is no service on the Defendant for the court to deem "timely."

Section 8.01-275.1 of the Code of Virginia states, "Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant." The term "diligence" has been noted by the Supreme Court of Virginia to mean "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 19, (1990). In the context of Va. Code § 8.01-249, the Supreme Court explained "due diligence" to require "such measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by an absolute standard, but depending on the relative facts of the special case." *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140 (1990). As measured against this legal standard, the issue before this court is whether the undisputed evidence of the plaintiff's actions support a finding of due diligence.

The Defendant has cited numerous cases where various Virginia circuit courts have applied the above stated standard and determined that due diligence was not used to obtain timely service. On the other hand, the Plaintiff relies upon *Palum v. Quinn*, 59 Va. Cir. 35 (2002). However, the Plaintiff's attempt at service in the present case is not comparable to the efforts made by the plaintiff in *Palum*. There, the plaintiff made several attempts to ascertain the correct address of the defendant who had moved a number of times. Ultimately, the plaintiff attempted substituted service on the defendant's mother at an address that multiple state and other records showed to be the defendant's address. The instant case, in contrast, involves one attempt to serve process, one day before the running of the statute, at the correct address, but to somebody unrelated to the Defendant. Thereafter, there was apparently no further effort to properly serve the Defendant. Unfortunately for the Plaintiff, such effort cannot be described as "devoted and painstaking." *Dennis*, 240 Va. at 19.

In summary, there was no evidence that the plaintiff took any additional efforts before or after the single defective attempt at service on June 29, 2007. Given the Supreme Court of Virginia's definition of "due diligence," the Plaintiff is not entitled to the savings provision contained in Va. Code § 8.01-275.1. Although, the result is harsh, the current state of the law in Virginia dictates that the faulty service be quashed and that the case be dismissed.