COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Causey

UNPUBLISHED

EUGENE BROWN

                                                                MEMORANDUM OPINION[*]
v.      Record No. 1637-23-3                                    PER CURIAM
                                                                JULY 2, 2024

ARIANA CHANTEL SHOWALTER, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Anne F. Reed, Judge

(William H. Thrush, Jr.; Shannon C. Forrest; Sara D. Vaughn;
Friedman, Framme & Thrush PA, on briefs), for appellant.

(Randall T. Perdue; TimberlakeSmith, on brief), for appellee Ariana
Chantel Showalter.

No brief or argument for appellee Pennsylvania National Mutual
Casualty Insurance Company.


Eugene Brown appeals the circuit court's dismissal of his lawsuit for personal injury and

property damage for failing to timely serve Ariana Chantel Showalter under Code § 8.01-275.1.

He argues that he acted with due diligence, excusing his delayed service. We hold the circuit

court did not err in dismissing the lawsuit and affirm the judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been
authoritatively decided," and the appellant "has not argued that the case law should be
overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

On December 27, 2021, Brown filed a complaint against Showalter for personal injury and property damage.[2] The complaint listed Showalter's address as 34477 Rawley Pike, Harrisonburg, Virginia 22801. Brown requested service of the complaint on August 23, 2022. On August 31, 2022, service was returned as "Not Found." On March 15, 2023, more than six months later, service on Showalter was obtained by posting at a slightly different address, 4477 Rawley Pike.

Showalter moved to dismiss the complaint because Brown failed to serve her within twelve months of the December 27, 2021 filing as required by Code § 8.01-275.1. Showalter alleged that Brown had "fail[ed] to exercise due diligence." Brown countered that he did, in fact, exercise due diligence and that his late service was therefore timely. The circuit court granted Showalter's motion to dismiss the case.

## ANALYSIS

Brown challenges the circuit court's dismissal of the complaint based on his failure to effect timely service on Showalter.

Code § 8.01-275.1 requires a plaintiff to serve the complaint on a defendant within twelve months of filing. "Upon finding that the plaintiff did not exercise due diligence to have timely service . . . , the court shall dismiss the action with prejudice." Code § 8.01-277(B); *see also* Rule 3:5(e) ("No order, judgment or decree will be entered against a defendant who was

---

[2] Brown had filed an earlier complaint against Showalter in 2019. A nonsuit was entered on that cause of action the same day the instant suit was filed. In the instant suit, Brown also named and served the underinsured motorist insurer, Pennsylvania National Mutual Casualty Insurance Company, as a party defendant. The circuit court sustained the insurer's demurrer and dismissed it from the suit. Pennsylvania National objects to being named in the notice of appeal. Brown, on appeal, does not contest Pennsylvania National's dismissal from the suit in the circuit court. We therefore hold it is not a proper party and dismiss the appeal against Pennsylvania National on that ground.

served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant."). Nonetheless, "[s]ervice of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant." Code § 8.01-275.1.

Brown asserts that despite untimely service his efforts to serve Showalter demonstrate due diligence. He attributes the failure to serve Showalter on the first attempt to a "scrivener's error." After that failure to serve, Brown argues that it was reasonable for him to wait before trying again because the insurer filed a demurrer and Brown anticipated amending the complaint.

"The noun 'diligence' means 'devoted and painstaking application to accomplish an undertaking.'" *Dennis v. Jones*, 240 Va. 12, 19 (1990) (quoting *Diligence*, *Webster's Third New International Dictionary* (1981)) (defining "diligence" as used in Code § 8.01-316, which addresses service by publication). "[W]hether diligence has been used is a factual question to be decided according to the circumstances of each case." *Id.* "We must afford deference to the trial court's factual findings" unless plainly wrong, but "we review de novo its application of the law to the facts." *Ferguson v. Stokes*, 287 Va. 446, 450 (2014); *see Mackey v. McDannald*, 298 Va. 645, 654 (2020).

The record before this Court supports the circuit court's factual finding that Brown did not act with due diligence to obtain service of the complaint.[3] Brown waited nearly eight months before attempting to serve Showalter. The "scrivener's error" discovered as a result of that failed attempt

_____

[3] In his assignment of error and on brief, Brown asserts that the circuit court specifically found that he acted with due diligence but then dismissed his suit anyway. The record contains no support for this assertion. Rather, the circuit court found that Brown "had not exercised due diligence" and "good cause [was] shown" to dismiss his suit with prejudice for failure to comply with Code § 8.01-275.1.

- 3 -

was Brown's incorrect address for Showalter. That address was off by only one digit, listing 34477 Rawley Pike rather than simply 4477 Rawley Pike. Brown had almost four additional months to correct his service mistake before the twelve-month deadline expired, but he apparently made no effort to do so. More than two months after the deadline, Brown served Showalter at the correct address. The fact that Brown waited six months to correct a mere scrivener's or typographical error supports the circuit court's finding that he did not evince a "devoted and painstaking application to accomplish an undertaking." *Dennis*, 240 Va. at 19 (quoting *Diligence*, *Webster's Third New International Dictionary*, *supra*).

Brown offers the explanation that he was justified in waiting to serve Showalter because he anticipated amending his complaint to remove an improper party and wanted to wait to serve a corrected complaint, if one was required.[4] The demurrer issue, however, involved a separate party and did not substantively impact any of Brown's factual or legal claims against Showalter. He provides no legal authority that anticipating the need to amend the complaint or remove a separate party extends the service requirements applicable to another defendant or justifies not serving her in a timely fashion. Under the circumstances, the circuit court's determination that Brown failed to exercise due diligence was not plainly wrong.

CONCLUSION

The record, viewed under the proper standard, supports the circuit court's finding that Brown failed to act with due diligence to timely serve Showalter as required by Code § 8.01-275.1. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*

---

[4] Brown also cites to his efforts to settle with the insurer to support his diligence claim. These actions, however, are not relevant to whether he acted with diligence in serving the defendant. *See Bowman v. Concepcion*, 283 Va. 552, 563-64 (2012).